27 U.S. 675
 2 Pet. 675
 7 L.Ed. 559
 GEORGE BEACH, PLAINTIFF IN ERROR
v.
JONATHAN VILES ET AL. DEFENDANTS IN ERROR.
 January Term, 1829
 
 ERROR to the circuit court of the United States, for the district of Massachusetts.
 The original process in this case was founded on the statute of Massachusetts, passed 28th of February 1795, entitled 'an act to enable creditors to receive their just demands out of the goods, effects, and credits of their debtors, when the same cannot be attached by the ordinary process of law.' In said process it is alleged that Loud and Hunt, being indebted to George Beach, as set forth in the process, refused to pay the same, to his damage $4000; and in the process it is also alleged that Loud and Hunt had not in their own hands and possession, goods or estate to the value of $4000, but had entrusted and deposited in the hands of said defendants, goods, effects and credits to the value; and the said defendants were summoned to show cause why execution to be issued on such judgment as George Beach might recover in said suit against Loud and Hunt, should not issue against their goods, effects and credits in the hands and possession of these defendants. The process was dated the 21st day November 1826; service was made on the 23d of the same month, and it was entered at the May term of the circuit court of the United States, in Boston, in 1827.
 The defendants, the supposed trustees, appeared, and severally answered under oath, as set forth in the record. From their answers it appears, that, on the 15th day of December 1825, an indenture of assignment was made, which is also set forth in the record, in which Loud and Hunt were parties of the first part; Nathan Viles, Henry Atkins and Daniel Holbrook, preferred creditors, were parties of the second part; and sundry other persons creditors of Loud and Hunt, who might execute the indenture within six months from its date, were parties of the third part.
 By this indenture Loud and Hunt assigned to the defendants certain real and personal property, effects and demands, in trust, to sell and collect the same, and after defraying all expenses, first, to pay the parties of the second part all sums due them respectively, and all sums for which they were liable on account of Loud and Hunt, as indorsers or otherwise; second, to pay the residue to such creditors mentioned in the schedule thereto annexed, as should become parties, in proportion to their demands, by an equal rate per dollar; third, to pay over the surplus, if any, and also the dividend which would have been payable to any creditor, if he had not neglected to become a party thereto, to Loud and Hunt.
 There is a clause in the indenture, providing for adding to and perfecting the schedules, to carry into effect the intentions of the parties, a general power to receive and collect, and a clause accepting the property assigned in full; and each assignee is to be answerable for his own acts only.
 The nominal amount or estimate of the property assigned exceeded the amount of debts and liabilities of the assignees; but by reason of losses on property then in hands of certain consignees, and bad debts, the produce thereof fell much short of it.
 The just claims of those creditors who became parties to the indenture according to its terms, and before the process in this case was served, amount to about $20,000. The parties of the first and second part, and nearly all those of the third part, signed and sealed the indenture on the day of its date, and all who are now parties, became so within the term of six months, therein prescribed. The assignees took possession of the property assigned on the same 15th of December, and fitted and prepared the same, (a large portion of which consisted of materials in hands, of manufactures in an unfinished state) for sale. They also collected the demands, as far as practicable, and realized in money from the whole personal property and effects, including the sums expended in completing and preparing for sale, the sum of $8309 28 cents. They also advertised the real estate; but were prevented from effecting a sale by reason of certain attachments thereon. This real estate they estimate to be worth $2000, which cannot be reached by the trustee process. It also appears from the answers, that the consideration for the said assignment was truly, as therein expressed, for sums justly due from Loud and Hunt, to the said defendants and other creditors; and the liabilites before that time incurred by Holbrook for Loud and Hunt, to a greater amount than the whole value of the property so assigned; that the whole proceeds of the said property and effects had actually been applied in part discharge of the said dues and liabilities before the service of the plaintiff's process, and in pursuance of the provisions of said indenture; excepting the sum of $805 44 cents, in the hands of Viles and Atkins; which last sum, they held to be appropriated according to said trust, and that no farther sums would probably ever be realized therefrom. That the sums necessarily expended by the assignees, in and about the premises, amounted to $1626 57 cents, that the assignment was made bona fide, and without any intent to defraud, delay or hinder any of the creditors of Loud and Hunt from recovering their debts.
 And they further declared that the defendants had not at the time of the service of the plaintiff's writ upon them any goods, effects or credits in their hands or possession belonging to Loud and Hunt or either of them. It also appears from said answers that Holbrook was perfectly solvent in his own affairs, and free from debt, excepting as the surety of Loud and Hunt, and that the assignment was expected to prevent his becoming insolvent on their account.
 The question before the circuit court was, whether the defendants, upon their said answers and disclosures, should be charged as the trustees of said Loud and Hunt, or discharged.
 The circuit court having intimated that this case fell within the principle of the decisions of the supreme judicial court of Massachusetts, and particularly the case of Andrews vs. Ludlow et al. 5 Pick. Rep. 28, the counsel for the plaintiff declined arguing the case; and judgment was rendered, that the supposed trustees be severally discharged on their answers. The plaintiff then sued out his writ of error, to have said judgment reversed.
 The case was argued by Mr Webster for the plaintiff in error; Mr D. A. Simmons for the defendants.
 Mr Justice STORY delivered the opinion of the Court. After stating the facts, he proceeded as follows:
 
 
 1
 The present being a suit upon a local statute, giving a particular remedy in the nature of a foreign attachment against garishees, who possess goods, effects or credits of the principal debtor, the decisions which have been made upon the construction of that statute by the state courts, are entitled to great respect; and ought in conformity to the uniform practice of this Court to govern our own decisions. This consideration saves us from the necessity of discussing many of the questions which have been so elaborately argued at the bar. If we were called upon to decide them upon general principles applicable to conveyances, which are assailed as being in fraud of creditors; we should have much difficulty in arriving at a conclusion upon some of the points, and should require further time for deliberation. But we are of opinion, that the case may be finally disposed of upon a single ground, which has received the sanction of the highest state court of Massachusetts. It is this. It appears from the facts, that the proceeds of all the property received by the assignees under this assignment, are insufficient to pay the amount of the just debts and demands due, bona fide, to the assignees. Under such circumstances, the established doctrine in Massachusetts is, that the assignees cannot be holden as trustees of the debtor under this process, so as to be chargeable to the creditor, who is plaintiff in the suit. Even if the assignment were held to be constructively fraudulent, in point of law, they would be entitled to retain for their own bona fide debts; for as to these, they stand upon equal grounds with any other creditors. This is understood to be the clear result of the cases decided in Massachusetts; and it therefore becomes unnecessary to go into the more extensive inquires presented by the arguments at the bar.
 
 
 2
 Upon this ground we are all of opinion, that the judgment of the circuit court ought to be affirmed with costs.
 
 
 3
 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Massachusetts, and was argued by counsel; on consideration whereof, it is considered, ordered and adjudged by this Court, that the judgment of the said circuit court in this cause be and the same is hereby affirmed with costs.