## LOGAN v. GOODWIN et al.

(Circuit Court of Appeals, Eighth Circuit. October 15, 1900.)

No. 1,387.

1. GARNISHMENT—INFORMALITY OF BOND WAIVED BY JOINING ISSUE.

A judgment in favor of a garnishee will not be sustained in an appellate court on account of the insufficiency or informality of the bond, when the garnishee and the defendants were duly served with the garnishee summons, the garnishee answered on the merits, and the action went to judgment on other grounds, without any objection to the bond.

**2. Appeal from Judgment in Garnishment Runs from Its Date.**

The action in garnishment, under Gen. St. Kan. 1897, c. 95, §§ 227–247, is distinct from the action between the plaintiff and defendant, and results in a separate judgment. The time for appeal or writ of error to review the latter judgment runs from its date, and not from the date of the judgment between plaintiff and defendant.

**3. Appeal—Effect of Failure to Obtain Supersedeas.**

The failure to obtain a supersedeas under section 1007 of the Revised Statutes does not affect the right or limit the time for an appeal or writ of error to review a decree or judgment.

**4. Same—State Statutes Inapplicable to, Review of Judgments or Decrees in Federal Courts.**

Congress has established a complete system for the review of the judgments and decrees of the federal courts, and the provisions of the state statutes allowing and limiting the review of judgments or decrees in their courts are inapplicable to proceedings in the courts of the United States.

**5. Remedial State Laws — Presumption of Adoption by Federal Courts.**

The presumption is, in the absence of evidence, that the remedial laws of a state in force therein at the time of a proceeding taken thereunder in a federal court had been adopted by that court, under sections 915 and 916 of the Revised Statutes.

**6. Courts—Pleading and Practice—Question.**

The question whether or not a notice given by a plaintiff to a garnishee that he elects to take issue on his answer, under section 232, c. 95, Gen. St. Kan. 1897, is a question of pleading and practice, governed by the statutes of Kansas, under section 914 of the Revised Statutes, which requires the proceedings and practice in actions at law in the federal courts to conform to those prescribed in the state courts.

**7. Garnishment—Service of Notice without Filing Raises Issue.**

The service of a notice by the plaintiff upon the garnishee that he elects to take issue on the latter's answer, pursuant to the provisions of section 232, c. 95, Gen. St. Kan. 1897, raises the issues presented by the affidavit of the plaintiff and the affidavit of the garnishee, and entitles the former to a trial of them, although he has never filed the notice or proof of the service thereof with the court.

**8. Same—After Judgment and before Execution.**

A judgment creditor is not entitled to institute and maintain garnishment proceedings upon his judgment or decree before issuing an execution thereon, under section 228, c. 95, Gen. St. Kan. 1897.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

This writ of error assails a judgment in garnishment which was the result of the following proceedings: On April 23, 1897, F. G. Logan, the plaintiff in error, commenced an action in the court below against A. G. Goodwin, W. L. Chamberlin, I. Goodwin, and Grace C. Chamberlin, and filed an undertaking in garnishment, which recited that an order of garnishment had been issued, and which was conditioned to pay to the defendants, or any of them, any damages which they might sustain by reason thereof, if it should be determined that the order was wrongly obtained. This undertaking was filed in the court on April 23, 1897, and approved by the clerk. On September 13, 1897, an affidavit for garnishment was filed, to the effect that D. W. Mulvane had under his control property belonging to the defendants. A summons in garnishment issued, and was served upon Mulvane, who on October 8, 1897, filed an answer to the effect that he was in no manner and upon no account indebted or under liability to the defendants, unless by reason of $2,000 in his possession, obtained from the Bank of Topeka in payment of a certain certificate of deposit issued to I. Goodwin. On September 15, 1898, the court made an order, upon the motion of I. Goodwin, that she might give a bond,

in.pursuance of section 4299 of the General Statutes of Kansas of 1889, in the sum of $4,000, for the discontinuance and discharge of the garnishment proceedings, and that upon the giving of said bond, conditioned and secured as by law required, and its due approval by the clerk of the court, the garnishment proceedings should be discharged. On September 17, 1898, Imo Goodwin gave a bond conditioned that she and her surety would pay to the plaintiff the amount of any judgment which might be recovered against her in the action, not exceeding $4,000, and this bond was approved by the clerk of the court. On September 22, 1898, the court made an order that the funds in the hands of Mulvane should be released only upon the defendants' giving bond that in case judgment should be finally rendered against any of the defendants the money should be forthcoming and returned, to be applied on the judgment. On June 5, 1899, after a jury trial of the action, a judgment was rendered in favor of the plaintiff, Logan, and against the defendants A. G. Goodwin and W. L. Chamberlin, for the sum of $3,991.21 and costs, and in favor of the defendants I. Goodwin and Grace C. Chamberlin, and against the plaintiff, Logan, for their costs in the action. On June 10, 1899, an affidavit in garnishment was filed, alleging the recovery of the judgment, and that D. W. Mulvane had in his possession the sum of $2,000 in money, belonging to the defendants A. G. Goodwin and W. L. Chamberlin, or one of them. On the next day a proper undertaking in garnishment was filed and approved. A garnishee summons was issued and served, and on June 19, 1899, Mulvane made the same answer that he had made to the first garnishment. On the same day the attorneys for the plaintiff served upon him and filed a written notice that they elected to take issue on this answer. On June 22, 1899, the defendant Imo Goodwin moved for an order on the garnishee, Mulvane, that he should pay to her the $2,000 mentioned in his answer, and the plaintiff, Logan, sought to proceed with the trial of the issue raised by the two answers of the garnishee, Mulvane. In support of his right to a trial of the issue presented by the answer of October 8, 1897, he offered to prove that on October 14, 1897, he served upon the garnishee, Mulvane, a written notice that he elected to take issue with him upon his answer as garnishee as to his indebtedness to A. G. Goodwin, and that he would maintain his liability as garnishee in said action. The court refused to permit the plaintiff to introduce this evidence. The plaintiff excepted, and the court subsequently ordered that the garnishment process of June, 1899, be vacated and set aside, that the answer of the garnishee, Mulvane, filed October 8, 1897, stand as conclusive of the truth of the facts therein stated; that the garnishee, Mulvane, pay over the money in his hands as shown by his answer to the defendant I. Goodwin; and that the plaintiff pay the costs of the garnishments. On January 9, 1900, the plaintiff, Logan, sued out a writ of error to reverse this judgment against him. The judgment between him and the defendants in the action is not in question in this court.

W. C. Perry (Eugene Hagan and Daniel B. Holmes, on the brief), for plaintiff in error.

Edwin A. Austin (E. G. Wilson, on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The garnishment proceedings in this case were taken and the rights of the parties were adjudicated in the court below under chapter 151 of the Laws of Kansas of 1889 (2 Gen. St. Kan. 1897, c. 95, §§ 227–247). The two questions presented and decided in that court were: Does the service of a notice on the garnishee by the plaintiff that he elects to take issue on his answer, and will maintain him to be liable as garnishee, put the allegations of his answer at issue,

and entitle the plaintiff to a trial of his action against the garnishee, under section 232? And is the plaintiff entitled to maintain garnishment proceedings upon a judgment or decree before the issue of an execution thereon, under section 228 of these statutes? Counsel for the defendants in error seek in this court to avoid a consideration of these questions upon various grounds, which are entitled to little consideration. They say that the judgment below should be sustained because the bond in garnishment filed in April, 1897, recited that an order of garnishment had already been issued, while the affidavit for garnishment upon which the summons was issued was not filed until September 13, 1897. But the bond was approved by the clerk of the court, the garnishee summons was issued and served on the garnishee and the defendants, the case against the defendants was tried, and judgment was rendered against two of them, and the action between the plaintiff and the garnishee and the defendants then proceeded to judgment, without any objection or exception to the bond; and it is now too late for them to object to such judgment for the insufficiency of security, which the court could have permitted the plaintiff to remedy at any time, by giving a new or additional bond.

It is said that the judgment is right because the order of September 15, 1898, gave the defendant Imo Goodwin leave to file a bond in pursuance of section 4299 of the Statutes of Kansas, and directed the discontinuance and discharge of the garnishment proceedings upon the giving of that bond. But the bond there given was conditioned only to pay to the plaintiff the amount of the judgment which might be recovered against the defendant Imo Goodwin, and it had no effect to discharge the garnishee from his liability on account of property or money in his control belonging to the other defendants in the action.

It is contended that the judgment in favor of the garnishee rendered on August 30, 1899, cannot be reviewed, because it was a part of the judgment against the defendants rendered on June 9, 1899, and the writ of error was not sued out until more than six months after the latter date. But section 238, c. 95, of the Statutes of Kansas provides that:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant and all the provisions for enforcing judgment shall be applicable thereto: but where the garnishment is not in aid of an execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment the garnishee action shall be dismissed with costs."

The action against the garnishee, therefore, was a separate civil action, which it was necessary to try at a different and subsequent time from that occupied by the trial of the main case against the defendants, and judgment in it was necessarily rendered at a later date. The plaintiff in error had a right to challenge the judgment against the garnishee by a writ of error within six months after its rendition, and he has done so.

It is said that the judgment in favor of the garnishee cannot be here reviewed, because it was not superseded under section 1007 of the Revised Statutes, and because the statutes of Kansas provide that a petition in error to review an order discharging or modifying an attachment or temporary injunction must be filed within 30 days after the date of the order, to prevent the latter from becoming operative. Gen. St. Kan. 1897, c. 95, § 595. But the failure to supersede a judgment or to stay the process upon it, under section 1007 of the Revised Statutes, in no way affects the right of the plaintiff in error to a review of the proceedings which resulted in it, or to its reversal; and the statute of Kansas to which reference is made is not applicable to proceedings by writ of error or by appeal in the federal courts, because congress has established a complete system governing their action in that regard. Logan v. Goodwin (C. C. A.) 101 Fed. 654.

Finally it is contended that the plaintiff was not entitled to any garnishment proceeding under chapter 151 of the Laws of Kansas of 1889, because that chapter was not in force in 1873, when sections 915 and 916 of the Revised Statutes of the United States were last enacted. These sections read:

"Sec. 915. In common-law causes in the circuit and district courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof; and such circuit or district courts may, from time to time, by general rules, adopt such state laws as may be in force in the states where they are held in relation to attachments and other process: provided, that similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy.

"Sec. 916. The party recovering a judgment in any common-law cause in any circuit or district court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

The argument is that the remedy by garnishment which was provided by the laws of the state of Kansas in 1873, when section 915 was last enacted, consisted of sections 200–219, c. 80, of the Compiled Laws of Kansas of 1879, and that the plaintiff has not proceeded in accordance with the provisions of those statutes. Counsel for the defendants in error inform us in their brief that they have searched the records of the court below, and that they have found no rules by which that court has adopted the Kansas act of 1889. But the first question presented in this case does not arise under these sections of the statute, but is a question of pleading and practice, governed by section 914, which provides that:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record

of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

The question whether or not the notice served upon the garnishee put his answer in issue was a question of pleading and practice, which was governed by the Kansas act of 1889, which existed and was in force at the time of the trial below. Moreover, the question whether or not a federal appellate court shall presume, in the absence of evidence, that some ancient statute, which the industry of counsel has discovered, but which was not presented to or considered by the trial court, was the true guide for its action, has already been considered in this court. Bank v. Farwell, 56 Fed. 570, 6 C. C. A. 24, 12 U. S. App. 409. We cannot be blind to the fact that it is the universal practice of the federal courts to grant such relief and to administer such remedies as are prescribed and allowed by the statutes of the states at the time when the relief and the remedies are sought. When parties seek attachments, garnishments, executions, provisional remedies of various kinds, in the courts of the United States, it is not the habit of counsel or of the court to search the statutes of a quarter of a century ago, and to conform the proceedings of the federal courts to those then in force in the courts of the several states, but they adopt and use the remedies prescribed by their state statutes in force at the time they act. A general and uniform practice becomes a general and established rule of the court, and in the absence of convincing evidence to the contrary the presumption in the appellate court is that the remedial statutes in force in the states at the time when proceedings under them were taken in the federal courts had been adopted by those courts, either by written rule or by general practice. This brings us to a consideration of the questions considered and decided in the court below.

The General Statutes of Kansas of 1897 (chapter 95) provide that, upon the filing of a proper affidavit and undertaking, a garnishee summons shall be issued by the clerk, and served upon the defendants and the garnishee (section 230); that within 20 days from the service of such garnishee summons the garnishee may file with the clerk of the court his affidavit; and that "the proceedings against such garnishee shall be deemed discontinued, and the plaintiff shall pay the garnishee two dollars for his costs, unless within twenty days thereafter the plaintiff serve notice on such garnishee that he elects to take issue on his answer as garnishee, and will maintain him to be liable as garnishee; in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition and the garnishee's affidavit the answer thereto." Section 232. The court below refused to permit the plaintiff to prove that he served the notice prescribed by this statute upon the garnishee, and held that the latter's affidavit was conclusive of the truth of the facts therein stated, and that the plaintiff had no right to a trial of the issue which his affidavit and the affidavit of the garnishee presented. There is no opinion of the court in the record, but it is said that the ground of this decision was that the notice to the garnishee, and the proof of the service thereof, had never been filed in the court. But the parties to this

proceeding had no guide but the statute. The plaintiff could obtain his summons in garnishment and frame his issue in no other way than that prescribed by the statute. That statute provided that when the garnishee had filed his affidavit the plaintiff should be entitled to a trial of the issue presented by his own affidavit and that of the garnishee, on the sole condition that he served a notice on the garnishee that he elected to take issue on his answer within 20 days after it was filed. The plaintiff complied with the statute. It was not the province of the court, after he had done so, to affix other conditions to his right to a trial, and to deprive him of it because he had not complied with them. The statute declared that the plaintiff took issue with the garnishee, and was entitled to a trial of his issue if he served his notice. The decision of the court that he took no such issue, and could have no such trial unless he had also filed his notice, was in effect a repeal of the statute, because it declared that the service of the notice made no issue, and entitled him to no trial. It is said that it would be more convenient to have the notice and proof of service filed in the court, and that in no other way could the defendants surely learn whether or not the plaintiff had joined issue upon the answer of the garnishee. So it would be more convenient for the defendants to have the notice to the garnishee served upon them as well as upon the garnishee. These may be pertinent criticisms of the statute, well worthy the consideration of the legislature, which alone has the power to repeal or modify it. But the answer to them in this judicial proceeding is that the duty of the courts is to enforce, and not to modify or repeal, the acts of the legislative department of the government. In this proceeding the statute of Kansas controls, and it does not require the service of this notice on the defendants, or its filing in court. The only condition it attached to a right to a trial of the issue presented by the affidavits of the plaintiff and the garnishee was the service of the notice on the garnishee, and the plaintiff complied with that condition, and thereby secured his right to a trial of his case. The service of the notice by the plaintiff upon the garnishee that he elects to take issue on his answer under section 232, c. 95, of the General Statutes of Kansas of 1897, entitles him to a trial of the issue presented by the affidavit in garnishment, although that notice has not been filed in the court. It was error for the court below to refuse to permit proof of the service of this notice to be made.

The other question considered and decided by the court below was whether or not a judgment creditor was entitled to proceed by garnishment after his judgment against the defendants had been rendered, and before he had issued an execution thereon. No decision of any of the courts of Kansas on this question has been called to our attention, and the statutes which determine it read as follows:

"Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person, excepting a municipal corporation, who shall be indebted to or have any property real or personal in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner hereinafter described." Sec-

tion 227, c. 95, Gen. St. Kan. 1897. "Either at the time of the issuing of the summons, or at any time thereafter before final judgment in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, the plaintiff or some person in his behalf may file with the clerk an affidavit stating the amount of the plaintiff's claim against the defendant or defendants over and above all offsets, and stating that he verily believes that some person. naming him, is indebted to or has property, real or personal, in his possession or under his control belonging to the defendant (or either or any of the defendants) in the action or execution, naming him, and that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand, and that the indebtedness or property mentioned in such affidavit is to the best of the knowledge and belief of the person making such affidavit not by law exempt from seizure or sale upon execution." Section 228. "The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto; but when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs." Section 238.

The question is whether section 228 provides for garnishment proceedings in three classes of cases, viz. in actions upon contract before judgment or decree, in all actions after judgment or decree before execution is issued, and in all actions after the issuing of an execution and before the time it is returnable, or in only two classes of cases, to wit, in actions upon contract, express or implied, or upon judgment or decree before final judgment, and in all actions after the issuing of an execution, and before the time when it is returnable. The section in question is not very clear, and is perhaps susceptible of either construction. But the following considerations lead us to the conclusion that the latter is the correct view: In the first place, the natural grammatical construction of the section leads to the conclusion that the words "upon judgment or decree therein" modify the word "founded," and that the intention of the legislature was to say that, before final judgment, garnishee proceedings could be had in any action that was founded upon contract, express or implied, or that was founded upon judgment or decree. In the second place, if the construction of the statute were that garnishment proceedings could be instituted at any time upon judgment or decree, there would be no occasion for the provision which follows, to the effect that they may be instituted at any time after the issuing of an execution, and before the time when it is returnable, and the presumption is that the legislature did not make the latter provision without reason. Again, the provision of the section relative to the affidavit is that the plaintiff, or some one in his behalf, shall make oath that he believes that some person is indebted to, or has property belonging to, the defendant in the action or execution, not in the action, judgment, or execution; and this seems to indicate that the legislature contemplated that there were only two classes of cases in which the proceedings might be instituted, to wit, in the action before judgment, and in aid of the execution after it had been issued upon judgment. This view finds strong support in the provision of section 238 to the ef-

fect that when the garnishment is not in aid of an execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action. If garnishment proceedings might be instituted after a final judgment, and before an execution issued, there is no reason why there should not be an immediate trial of that action in garnishment; and the fact that only two classes of cases are provided for in this section—those in which no trial can be had until the plaintiff shall have judgment in the principal action, and those in which the garnishment is in aid of execution—strongly indicates that these are the only cases in which garnishment proceedings are authorized under sections 227 and 228 of this chapter. In view of the provisions of the various sections of this statute to which we have referred, our conclusion is that a plaintiff is not entitled to proceed by garnishment under them after he has obtained. his judgment or decree against the defendant or defendants, and before he has caused an execution to be issued thereon. There was, therefore, no error in that portion of the judgment of the court below which vacated and quashed the garnishment proceedings of June, 1899. The judgment is reversed, and the case is remanded to the court below, with instructions to proceed to the trial of the issues in the garnishment action instituted in September, 1897, in conformity with the views expressed in this opinion, and to dismiss the garnishment proceedings instituted in June, 1899.