GOLDEN, BELKNAP & SWARTZ v. CONNERSVILLE WHEEL CO. et al.

(District Court, E. D. Michigan, S. D. September 11, 1918.)

1. ABATEMENT AND REVIVAL ☞3—MOTION TO QUASH SERVICE—QUESTIONING JURISDICTION.

Judicature Act, c. 14, § 4 (Comp. Laws Mich. 1915, § 12456), abolishing pleas in abatement and to the jurisdiction, provides that questions previously raised by such pleas may be raised by motion to dismiss, and so it is proper to question jurisdiction by motion to set aside service of summons, etc.

2. COURTS ☞338—FEDERAL COURT—CONFORMITY STATUTES.

When the question of the jurisdiction of a federal court is raised in an action pending therein, that court is not bound by the laws of the state, but follows its own rule of practice; the so-called conformity act not being applicable.

3. ABATEMENT AND REVIVAL ☞3—LACK OF JURISDICTION—MODE OF TAKING ADVANTAGE.

The proper method of raising the question of the court's lack of jurisdiction over the defendant is by motion to set aside the service of summons.

4. CORPORATIONS ☞665(2)—FOREIGN CORPORATIONS—JURISDICTION.

When it is sought to obtain a personal judgment against foreign corporation, it must appear that the corporation was doing business within the state in which service was had to such an extent as to warrant the in-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ference that the corporation was present within such state, and also that the process was served on a duly authorized agent.

5. CORPORATIONS ☞665(2)—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

Though an Indiana corporation be conceded to have done business in Michigan, *held* that, as the contracts whereby the Indiana corporation had done business in Michigan had previously expired, etc., such corporation cannot be deemed doing business within that state, so that service on an officer temporarily in Michigan would be binding on the Indiana corporation.

6. CORPORATIONS ☞668(10)—FOREIGN CORPORATIONS—JURISDICTION.

Service of process on the president of an Indiana corporation, who was within the state of Michigan, *held* not binding on the Indiana corporation, on the theory that its president was acting in his official capacity in Michigan at the time of the service; it appearing that the president or the Indiana corporation declined to consider matters which furnished the basis for the suit until his return to Indiana.

At Law. Action by Golden, Belknap & Swartz, a Michigan corporation, against the Connersville Wheel Company, an Indiana corporation, and another, begun in the state court and removed to the federal court. On motion to set aside the service of summons and to dismiss. Motion granted.

Clark, Emmons, Bryant & Klein, of Detroit, Mich., for plaintiff.
Angell, Bodman & Turner, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This matter is before the court on motion to set aside the service of the summons and to dismiss the cause for want of jurisdiction of the persons of the defendants. The plaintiff is a corporation organized and doing business in the state of Michigan, in this district. The defendants are Indiana corporations having their principal places of business in the state of Indiana. This action was begun by summons in the circuit court for the county of Wayne, which lies within this district. The summons was served upon one Hull, the president of the defendant Connersville Wheel Company and vice president of the other defendant corporation, while said Hull, who is also a resident of Indiana, was temporarily within said county of Wayne and state of Michigan.

The defendants appeared in the cause specially and solely for the purpose of this motion, without admitting the jurisdiction of said court, and filed the motion referred to, and in support thereof an affidavit by the said Hull. In this affidavit it was alleged that each of the defendants was a corporation organized and existing under the laws of Indiana and having its principal place of business in such state; that each of them was a manufacturing company; that neither of them had or maintained, or ever had had or maintained, an office or manufacturing plant or place of business in the state of Michigan, and that neither of them had a resident agent within said state of Michigan; that on July 23, 1917, affiant was in the city of Detroit, in said county, on business of the Hoosier Castings Company, an Indiana corporation, of which he was an officer, and not on the business of either of said defendants, and that while in said city he was served with a summons in

this cause. Thereafter, and before the motion referred to had been brought on for hearing, this cause was removed by the defendants to this court, where it is now pending on said motion. The facts have been submitted by affidavits and counter affidavits, and there appears to be no substantial conflict between these affidavits. As the matters in dispute consist in the proper inferences and conclusions to be drawn from the allegations of fact, rather than in such allegations themselves, the questions in issue may be determined without the necessity of taking testimony in open court.

The meritorious question involved is whether the service of the summons upon the officer of the defendants, temporarily within the jurisdiction of the court, was, under the circumstances, sufficient to confer upon such court jurisdiction over the persons of said defendants, so as to warrant the recovery of a judgment against them in this cause. The defendant Central Manufacturing Company was apparently made a party to the cause merely because, as alleged in one of the affidavits filed on behalf of the plaintiff, it "is to some extent the successor of the Connersville Wheel Company," although it is also alleged in such affidavit that said Central Manufacturing Company "is also liable for the indebtedness of the Connersville Wheel Company." The transactions, however, on which this action is based, were between the plaintiff and the defendant Connersville Wheel Company alone, and, as the status of the Central Manfacturing Company with reference to the material facts involved does not differ from that of the Connersville Wheel Company, and as the former appears to be a nominal rather than an actual party, only the defendant Connersville Wheel Company will be referred to whenever it is necessary hereinafter to mention either of the defendants.

[1] A question of practice may first be disposed of. It is urged by plaintiff that according to the local law in Michigan the question whether proper service has been made upon a foreign corporation should be raised by plea in abatement and not by motion to set aside the service, based upon affidavits, and that therefore the defendant has not pursued the proper practice in this case. This contention is clearly without merit, for two reasons. In the first place, by section 4 of chapter 14 of the Michigan Judicature Act now in force in Michigan, pleas in abatement and pleas to the jurisdiction were abolished, and it was provided that all questions previously raised by such plea might thereafter be raised by motion to dismiss. Section 12456, Compiled Laws of Michigan of 1915.

[2, 3] Aside, however, from the question as to the proper practice in the state courts, whenever the question of the jurisdiction of a federal court is raised in an action pending therein, that court is not bound by the laws of the state in which it is sitting, but follows its own rules of practice in determining such question. The so-called Conformity Act (Act June 1, 1872, c. 255, 17 Stat. 196 [Comp. St. 1916, §§ 1537, 1539, 1540]) is not applicable to such cases. In the federal courts the proper method of raising the question involved herein is by motion to set aside the service. Meisukas v. Greenough Red Ash Coal Co., 244 U. S. 54, 37 Sup. Ct. 593, 61 L. Ed. 987.

[4] Coming, then, to the merits of the question to be determined: Was the service made upon the president of the defendant corporation while temporarily within the state of Michigan, under the circumstances disclosed by the affidavits herein, sufficient to confer jurisdiction upon such defendant in this cause? When it is sought to obtain a personal judgment in one state against a corporation organized under the laws of another state, two facts must affirmatively appear: First, that such foreign corporation was, at the time of the attempted service upon it, engaged in doing business within the state in which such service was made to such an extent and of such a nature as to warrant the inference that the corporation is present within such state and has subjected itself to the jurisdiction thereof; and, second, that proper process has been served upon a duly authorized agent of such corporation. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Peterson v. Chicago, R. I. & P. R. Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; Green v. Chicago, B. & Q. R. Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; St. Louis S. W. R. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Philadelphia & R. Ry. Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710; People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587.

In the present case no question is raised as to the authority of the agent of the defendant corporation served with process; it being undisputed that he was the president of such corporation and authorized to receive service of process on its behalf. He was, in fact, the officer of the defendant corporation who represented it in its dealings with the plaintiff out of which this action arose. There can be no doubt that, if the defendant corporation was subject to this suit within the state of Michigan at the time of the attempted service upon said agent, such service was sufficient to confer upon the court herein the jurisdiction sought to be maintained.

[5] The question, therefore, to be decided, is whether the defendant corporation was at the time referred to doing business in Michigan of such a character as to warrant the inference that it had entered the state and subjected itself to the jurisdiction of the courts thereof. It is urgently insisted by the plaintiff that the affidavits filed on its behalf show that said defendant was so engaged in such business. It appears from these affidavits that in the fall of each of the years 1912, 1913, and 1914 a written contract was entered into between the plaintiff and the defendant, by each of which contracts the former agreed to manufacture at its plant in Detroit, Mich., certain motors for the defendant, delivery thereof to be made during the year following the making of each contract respectively; that delivery of the motors under the first two contracts was to be f. o. b. Detroit, and delivery under the last contract was to be f. o. b. Indiana; that title to such motors was reserved in the plaintiff until full payment therefor; that defendant was to purchase and deliver to plaintiff at Detroit certain transmissions, to be attached by the latter to the motors mentioned, before delivery

thereof to the defendant, such transmissions remaining the property of said defendant; that during part of the period covered by said contracts the defendant maintained at the plant of the plaintiff in Detroit an employé whose duty it was to inspect the motors so manufactured for it by the plaintiff; and that the present action is brought for the recovery of an amount claimed by plaintiff to be due under the last of the contracts mentioned. It is insisted by the plaintiff that the making and performance of these contracts by the defendant constituted the doing of business by it within the state of Michigan.

Whether this contention is correct it is not necessary to determine, for the reason that, even if during the period covered by said contracts defendant was so engaged in business in the state of Michigan, it had ceased to carry on such business prior to the time of the attempted service herein. It is apparent from the affidavits filed that defendant was not, at the time mentioned, performing any acts under any of such contracts. It is not disputed that both parties had completed the performance of the first two contracts. By the terms of the last contract, which was executed September 19, 1914, the manufacture and delivery of the motors in question was to cover the season's requirements of the defendant from and after the date of the making of the contract, "ending July 1, 1915," more than two years before the time of the service in question. It is not claimed that at the time of the commencement of this action anything remained to be done under this contract, except, as claimed by plaintiff, the payment of the sum alleged to be due from defendant. If, then, in carrying on its dealings with plaintiff under these contracts, defendant was doing business in Michigan, it had ceased to do such business before the time when this action was commenced. It was not, therefore, at such time present within the state of Michigan. People's Tobacco Co. v. American Tobacco Co., supra. The mere fact that claims growing out of the business previously transacted by defendant in Michigan remain unsettled does not show a present doing of business, so as to manifest the presence of defendant there. Cady v. Associated Colonies (C. C.) 119 Fed. 420; Lathrop-Shea & Henwood Co. v. Interior Construction Co. (C. C.) 150 Fed. 665.

It must be borne in mind that, in order that proper personal service may be made in a state upon a foreign corporation, it is necessary that such corporation be present in such state at the time of service. As, therefore, the presence of a foreign corporation is manifested only by its carrying on of business there, it must appear, in such a case, that the foreign corporation in question was, at the very time of the service, doing such business in the state where jurisdiction is sought. It may be difficult, as a matter of fact, for a court to determine at just what particular moment a corporation begins to do business in a state, or at what particular instant it ceases to do such business there. This difficulty, however, is one of fact. There is no doubt or uncertainty as to the rule of law applicable. Service cannot be made an instant prior to the time that the corporation actually begins to do business in the state, so as to show its presence there. Neither can service be made an instant after the corporation has ceased to do such business there. So, in this case, if there is anything doubtful or hazy about the time when

the defendant corporation ceased to do business in the state of Michigan, it is entirely a difficulty of fact.

It may be urged that if, at some prior date, the foreign corporation did, in fact, do business in the state, it is a hardship upon a plaintiff to deprive it of the right to bring suit in the state on a cause of action growing out of such business. No different or greater misfortune, however, results to the plaintiff in such a case than in a case wherein he is seeking to sue a natural person. If the defendant be such a person, the plaintiff must obtain service while the defendant is personally within the state in which suit is brought. If he permits the defendant to leave the state before commencing his action, he cannot, of course, obtain personal service so long as the defendant remains absent from the jurisdiction of the court. The question as to the presence in the state of the agent upon whom service is sought to be made must not be confused with the question as to the presence in the state of the foreign corporation itself. Unless such corporation is present in the state, of course, no personal service can be there made upon it.

[6] It is further urged, however, that at the time of the attempted service upon the president of the defendant corporation he was acting in his official capacity for such corporation in negotiating a settlement of this disputed claim, and that therefore the corporation was present in the person of its agent. Whether, if this officer of the defendant had intentionally come or had been sent by it into Michigan to endeavor to compromise this claim, and had been served with this process while so engaged, it could properly be said that his presence in the state involved also the presence of his corporation, is a question which, in view of the circumstances, it is unnecessary to consider. I am satisfied that the affidavits filed by plaintiff, read together, fail to show that the officer referred to was sent to, or visited, the state of Michigan, or the plant of the plaintiff, for the purpose, or with the intention, of discussing the relations between the parties hereto, or that he did discuss such relations voluntarily and in his official capacity.

There is no showing that he transacted or intended to transact any business for defendant while in the state of Michigan on the trip in question. It appears that after he had inspected the plant of the plaintiff, and had discussed a business matter on behalf of the Hoosier Castings Company, another corporation of which, as already stated, he was an officer, he was questioned by representatives of the plaintiff concerning the claim on which this action is based, and upon his failure to immediately adjust such claim and his statement that he would take the matter up on his return to Indiana, he was promptly served with the summons herein by an attorney for the plaintiff, who was evidently at the plant for that purpose. These facts do not, in my opinion, show that at the time of this service the officer of this foreign corporation was so engaged in carrying on the business of such corporation in Michigan as to manifest its presence there.

It not appearing, then, that at the time of the attempted personal service of process, in the state of Michigan, upon the defendant corporation, the latter was either incorporated under the laws of, or engaged

in doing business within, such state, such service was insufficient to confer jurisdiction over the person of the defendant, and the motion to set aside the service and to dismiss the cause for lack of jurisdiction must be granted.

---

⬤⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes