## PERE MARQUETTE RY. CO. v. WESTERN HEATER DISPATCH.

(District Court, E. D. Michigan, S. D.   November 10, 1922.)

### No. 6799.

1. Garnishment ⬅➡88—Description of garnishee in affidavit held sufficient.

Under the law of Michigan, an affidavit for garnishment, which names the garnishee and describes it as a foreign corporation, is sufficient.

2. Garnishment ⬅➡85—Garnishee is not party to action.

A garnishee is not in any legal sense a party to the action.

3. Removal of causes ⬅➡116—Proceedings governed by state statutes after removal of cause.

Under Rev. St. § 915 (Comp. St. § 1539), and Judicial Code, § 36 (Comp. St. § 1018), garnishment proceedings instituted in a state court before removal of a cause are continued in the federal court under the applicable state statutes as construed by the highest court of the state.

4. Corporations ⬅➡670(4)—Service of process of garnishment on foreign corporation held good.

Service of process of garnishment on a foreign railroad company having a line of road in the state and maintaining a general office within the district, by service on the person in charge of such office, held good under Comp. Laws Mich. 1915, §§ 12432, 12434 and 13167, relating to service on domestic and foreign corporations.

At Law.   Action by the Pere Marquette Railway Company against the Western Heater Dispatch, a corporation.   On motion by defendant to quash writ of garnishment.   Denied.

Williams, Shields & Seaton, of Detroit, Mich., for plaintiff.

Elliott R. Goldsmith, of Chicago, Ill., for defendant.

TUTTLE, District Judge.   This cause has been duly removed from the circuit court for the county of Wayne, Mich., one of the courts of record of that state, to this court, where it is pending on a motion by the defendant to quash the writ of garnishment issued by the state court under the statutes thereof, and to discharge the garnishee.   Two grounds are relied on in support of such motion:   (1) That the affidavit on which the garnishment is based is fatally defective because, as alleged in said motion, such affidavit "fails to show that the company named as garnishee, to wit, the Chicago & Northwestern Railway Company, was a party amenable to the laws of the state of Michigan"; and (2) that service of process has not been properly made upon said garnishee.   No question is raised as to the sufficiency of service of process on the defendant, which has entered a general appearance.

[1] 1. The affidavit of garnishment referred to, which, under the

⬅➡For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Michigan law, is the jurisdictional basis for the garnishee proceedings, describes the garnishee as "Chicago & Northwestern Railway Company, a foreign corporation." It is urged by defendant that this affidavit is insufficient in law for the reason that it does not show that the garnishee is a party amenable to the laws of Michigan. In support of this contention, defendant relies on the case of Ettelsohn v. Fireman's Fund Insurance Co., 64 Mich. 335, 31 N. W. 201. An examination, however, of that case, discloses that it is not applicable here. The affidavit there involved merely referred to the garnishee by name and did not indicate whether it was a corporation, domestic or foreign, or a partnership or other kind of company or association which could be sued under the laws of Michigan. In the present case both the affidavit and the writ of garnishment describe the garnishee as a foreign corporation (which, as hereinafter shown, is amenable to such laws), and the rule is now settled by the Michigan Supreme Court that if such affidavit and writ state that the garnishee is a corporation, they are sufficient to support the garnishment proceedings, unless proved to be untrue in fact. First National Bank v. Morganthaler, 219 Mich. 300, 189 N. W. 193. The contention to the contrary must be overruled.

2. It is further insisted by the defendant that the writ of garnishment should be quashed because service thereof was not made upon the garnishee so as to subject the latter to the jurisdiction of the state court or of this court. The only allegations of fact upon which this contention is based are those contained in the sole affidavit (made by the president of the defendant corporation) in support of the motion to quash, as follows:

"Affiant further states that the rails of said Chicago & Northwestern Railway Company do not extend into Wayne county, Mich., nor into any other county in the Southern Peninsula of Michigan.

"Affiant further states that the only employees of said railway company, located in Detroit, are men whose sole duties are to solicit movement of freight and passenger traffic, to quote rates, and disseminate information, but that no employee of said railway company in Detroit has any contractual powers whatsoever."

The counter affidavit submitted by the plaintiff in this connection is entitled in this cause and is, in full, as follows:

"August E. Ladwig being duly sworn deposes and says that he is general agent of the Chicago & Northwestern Railway Company, a railroad corporation, with offices at 621 Free Press Building, Detroit, Mich., having jurisdiction over the entire lower peninsula of the state of Michigan.

"That the Chicago & Northwestern Railway Company operates a line of railroad in the upper peninsula of the state of Michigan, owns land and rights of way, operates trains, maintains stations and depots, and performs the usual incidents to the operation of a railroad in the said state of Michigan; that the Chicago & Northwestern Railway Company also maintains an office in the Free Press Building, Detroit, Mich.; that deponent is in charge of this office when present and, when absent therefrom, G. A. Culbertson is in charge of said office; that on the 30th day of June, 1922, when writ of garnishment was served on the aforesaid Culbertson in the above cause, said Culbertson was the representative of the Chicago & Northwestern Railway Company in charge of the office and was authorized to accept such service of process; that in the absence of this deponent said Culbertson is acting general agent of the Chicago & Northwestern Railway Company in Detroit, Mich., having jurisdiction over the entire lower peninsula of the state of Michigan.

"Deponent further says that among the duties and business transacted in the Detroit office, 621 Free Press Building, of the Chicago & Northwestern Railway Company, new bills of lading are issued in exchange for bills of lading covering shipments being diverted in transit pursuant to the tariffs; for instance, if it is desired to divert a shipment of freight originating on the line of a given railroad in the lower peninsula of the state of Michigan after it has reached the line of the Chicago & Northwestern Railway Company, the Detroit office will take up the original bill of lading and issue a new bill of lading covering the shipment over the new route and to the new destination selected by the owner of the shipment. The Detroit office of the Chicago & Northwestern Railway Company also receives freight claims presented by shippers and transmits the same to the Chicago office for handling. The Detroit office also sells passenger tickets. It does not carry a stock of tickets, but when occasion arises tickets are obtained from other carriers. The office also sells Pullman tickets out of Chicago and carries a stock of Pullman tickets on hand. The Pullman tickets which are sold are in conjunction with Chicago & Northwestern Railway Company business.

"Deponent further says that the business of the Chicago & Northwestern Railway Company handled in the Detroit office requires a force of six men as follows: Deponent, general agent; G. A. Culbertson, chief clerk and acting general agent in the absence of this deponent; C. W. Bloom, city agent; W. L. Stannard, traveling agent; W. F. Schlict, traveling agent; A. R. Hawkins, stenographer. Further deponent sayeth not."

It seems clear from the undisputed allegations of these affidavits that if the garnishee were to be regarded, in law, as one of the parties to this action, such garnishee has been shown to have been, at the time of service of the process in question, doing business within the state of Michigan in such a manner and to such an extent that it must be deemed to have been present within that state and subject to proper service there. St. Louis Southwestern Railroad Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479; Frontier Steamship Co. v. Franklin Steamship Co. (D. C.) 233 Fed. 127; Mauser v. Union Pacific Railroad Co. (D. C.) 243 Fed. 274; Golden, Belkknap & Swartz v. Connersville Wheel Co. (D. C.) 252 Fed. 904.

[2] The garnishee, however, is not in any true, legal sense a party to this action. Even its citizenship is immaterial, so that if it were a citizen and resident of only the state of Michigan, that fact would not affect the jurisdiction of this court, based as it is on the ground of diversity of citizenship. This is because the garnishee has no real interest in the controversy between the plaintiff and the defendant, but occupies the status of a mere stakeholder and the entire garnishment proceedings constitute simply a means of enforcing collection of any judgment recovered against the defendant, and such proceedings are therefore only incidental to the real cause. Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, 27 L. Ed. 69; Cook v. Whitney, 6 Fed. Cas. 415, No. 3166; Corbitt v. Farmers' Bank of Delaware (C. C.) 113 Fed. 417; Macurda v. Globe Newspaper Co. (C. C.) 165 Fed. 104.

[3] Section 915 of the United States Revised Statutes (Comp. St. § 1539) provides that—

"In common-law causes in the District Courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the prop-

erty of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof."

Section 36 of the Judicial Code (Comp. St. § 1018) contains the following provision:

"When any suit shall be removed from a state court to a District Court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the state court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which said suit was commenced."

In actions in the federal courts involving liens and remedies of this nature, such as garnishment proceedings, afforded by the statutes of a state, the federal court will apply and enforce such remedies, and in so doing follow and adopt such statutes, as construed by applicable decisions of the highest state courts. Beach v. Viles, 2 Pet. 675, 7 L. Ed. 559; Fernandez y Perez v. Perez y Fernandez, 202 U. S. 80, 26 Sup. Ct. 561, 50 L. Ed. 942; Tefft v. Stern, 73 Fed. 591 (C. C. A. 6), 21 C. C. A. 67; Logan v. Goodwin, 104 Fed. 490 (C. C. A. 8), 43 C. C. A. 658; Hatcher v. Hendrie & Bolthoff Mfg. & Supply Co., 133 Fed. 267 (C. C. A. 8), 68 C. C. A. 19.

[4] Section 12432 of the Michigan Compiled Laws of 1915 provides, among other things, that—

"Process issued from any court of record against a corporation * * * may be served upon any officer * * * or agent thereof, or by leaving same during regular office hours at the office of such corporation * * * with any person in charge thereof."

Section 12434 provides that—

"In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this state, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section."

Section 13167 provides that—

"All corporations of whatsoever nature, may be served and proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this chapter and the rules of law relative to proceedings against corporations."

Careful consideration of the motion, briefs, and record, in connection with the controlling statutory provisions, leads me to the conclusion that service of the writ of garnishment was properly made upon the garnishee, and that the contentions of the defendant must be overruled and an order entered denying the motion.