ORLANDO J. CHILDS et al., Respondents, *v.* HARRIS MANUFACTURING COMPANY, Appellant.

Defendant, a corporation created under the laws of, and doing business in, another State, sold to plaintiffs, who were doing business in this State, certain agricultural implements, with an agreement to indemnify and defend them from all prosecutions because of any alleged infringement of any patent in selling the implements, provided notice was given to it, and it was allowed to take charge of the case.  An action having been so commenced against plaintiffs they notified defendant and required it to take charge of the defense; this it did not do, and judgment was rendered against plaintiffs in that action.  The summons in an action upon the guaranty was served in this State upon a director of the defendant.  On motion to set aside the service, *held,* that the cause of action arose in this State and the summons was properly served (Code of Civ. Proc., § 432, subd. 3); also *held,* that for the purposes of the motion the records of defendant showing the election of the person upon whom service was made as a director, were sufficient to establish that he was one in fact.

(Argued February 1, 1887 ; decided March 1, 1887.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made November 9, 1886, which affirmed an order of Special Term, denying a motion to set aside service of summons herein.

The facts, so far as material, are stated in the opinion

*Louis Marshall* for appellant. The plaintiff's alleged cause of action did not arise within the State of New York, since the contract upon which it is based was made in Wisconsin, their demand of performance was also made there, and the breach, if any occurred, took place in that State. (*Bk. of Augusta* v. *Earle*, 13 Pet. 519; *La Fayette Ins. Co.* v. *French*, 18 How. [U. S.] 409; *Adams* v. *Lurdsell*, 1 B. & A. 681; *Mactier's Adm'rs* v. *Frith*, 6 Wend. 104; *Perry* v. *Mt. Hope Iron Co.*, 5 Abb. Rep. 632; *Hallock* v. *Commercial Ins. Co.*, 26 N. J. L. 268; De Colyar on Guarantees, 220; *Preston* v. *Yates*, 17 Hun, 92; *S. C.*, 24 id. 524; *Thomas* v. *Hubbell*, 15 N. Y. 407; *Bridgport Ins. Co.*, v. *Wilson*, 34 id. 278, 281; *Douglass* v. *Howland*, 24 Wend. 35; *Buckle* v. *Eckhart*, 3 Denio, 279; *S. C.*, 3 N. Y. 132; *Hib. Nat. Bk.* v. *Lacombe*, 84 id. 367; *Durham* v. *Spence*, L. R. 6 Exch. 46; *Western Bk.* v *City Bk. of Columbus*, 7 How. Pr. 238; *Campbell* v. *C. & St. L. R R. Co.*, 18 id. 412; *Whitehead* v. *B. & L. H. R. R. Co.*, id. 233; *Duquesne Club* v. *Penn. Bk.* 35 Hun, 390; *C. Roll. M. Co.* v. *Swede Iron Co.*, 32 N J L. 15.) At the time of the service of the summons upon him, James B. Crosby was not a director of the defendant corporation, and service upon him was not, therefore, service upon the defendant, irrespective of the question of where the cause of action arose. (*Squires* v. *Brown*, 22 How. Pr. 44; *Chandler* v. *Hoag*, 2 Hun. 613; *Ervin* v. *Oregon Steam Nav. Co.*, 22 id. 598; *Van Amburg* v. *Baker*, 81 N. Y. 46; *Philadelphia & R. C. & I. Co.* v. *Hotchkiss*, 82 N. Y. 471; *Osborn*, v. *Croome*, 14 Hun, 165; *Cameron* v *Seaman*, 69 N. Y. 396; *St. Clair* v. *Cox*, 106 U. S. 354; *McQueen* v. *Middleton M'f'g Co.*, 16 Johns. 5; *Peckham* v. *North Parish, etc.*, 16 Pick. 274; Morawetz on Private Corp. [1st ed.] § 523; *Plimpton* v. *Bigelow*, 93N. Y. 599; *La Fayette Ins. Co.* v. *French*, 18 How. [U. S.] 404; *Newell* v. *G. W. R. R. Co.*, 19 Mich. 344; *Good Hope Co.* v. *R. Barb Fencing Co.*, 22 Fed. Rep. 635; *U. S.* v. *Am. Bell Tel. Co.*, 29 id. 17; *Pope* v. *Terre H. Car M'f'g Co.*, 87 N. Y. 137; *Moulin* v. *Trenton Mut. Ins. Co.*, 24 N. J. 234.) The director

referred to in subdivision 3 of section 432 is a director resident within or transacting business within the State. (*Coxson* v. *Doland*, 2 Daly, 66; 2 Inst. 50; 8 B. & C. 94; Dwarris on Stat. 704; *Hart* v. *Kennedy*, 14 Abb. Pr. 432; *Wakefield* v. *Fargo*, 90 N. Y. 218; *St. Clair* v. *Cox*, 106 U. S. 357; *Newell* v. *Gt. W. R. R. Co.*, 19 Mich. 344.)

*H. J. Cookinham* for respondents. The cause of action arose in this State. (*Hills* v. *B. & M. R R. Co.*, 70 N. Y. 223; *Hib. Nat. Bk.* v. *Lacombe*, 84 id. 367.) Crosby was, at the time the summons was served upon him, a director of the defendant. (*Hiller* v. *B. & M. R. R. Co.*, 70 N. Y. 223.)

DANFORTH, J. The facts presented by this appeal are as follows: The defendant, a corporation created under the laws of Wisconsin, has its office in that State, where it is engaged in the manufacture and sale of harrows, some of which were bought by the plaintiffs, who are dealers in agricultural implements. Some question arose as to whether the machine was an infringement upon letters patent issued to other parties, and upon a consideration deemed sufficient, the defendant, by writing, executed in Wisconsin, guaranteed to the plaintiffs the right to purchase, sell and deal in their harrow, and to indemnify and defend them from all prosecutions for so doing, by any person claiming it to be an infringement upon any patent, provided notice be given of such proceeding, and they be allowed to take charge of the case. An action was commenced for this alleged cause against these plaintiffs, and they at once notified the defendant and required it to take charge of its defense. The guarantors failed to do so, and judgment went against these plaintiffs for $3,154.45, payment of which was enforced by execution. They thereupon issued a summons as in the Supreme Court of this State, and served it upon one Crosby in the city of New York, upon the assumption that he was director of the corporation.

The defendants moved the court to set it aside upon the grounds (1.) that the defendant is a foreign corporation, and

the service was not upon the president, treasurer or secretary of the defendant, or otherwise its representative for that purpose; (2.) that the corporation has no property within this State; and (3.) that the plaintiff's alleged cause of action did not arise within it. The motion was denied at Special and General Terms and this appeal taken. We think it must fail.

It is enough if the cause of action arose in this State, and Crosby was in fact one of defendant's directors. (Code, § 432, subd. 3.) As to the cause of action. It accrued when the defendant failed to perform its contract, and by reason of its failure, the plaintiffs sustained a loss. These events occurred in this State. The plaintiffs were sued in this State, and here, if anywhere, the defendant was required to defend. It is immaterial that the contract to indemnify was made in Wisconsin, its obligation was to be discharged wherever the plaintiffs were vexed by litigation. It is true, as the appellant contends, that this obligation could only arise upon notice to the corporation of the impending suit, and that such notice was given in Wisconsin.

The plaintiffs were bound to perform this condition where they could find the defendant, and when performed it became a fact in the case, but itself gave no cause of action, nor did one then exist. Its object was to set the defendant in motion. Except for it there could have been no default. But the notice called for performance ; that was regulated by the proceedings in this State, where the plaintiffs were sued. The defendant's undertaking was to defend them in tnat suit, and the cause of action arose, when, for want of a defense, judgment went against them, and it arose at the place where that judgment was recovered. Performance at no other time or place was possible. We think the summons was well served. The evidence tended to show that Crosby was a director by election, and for aught that appeared it might reasonably be held that he was one in fact. The records of the defendant so declare, and, for the purposes of the motion now made by it, that declaration is sufficient.

It follows that the order appealed from should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Order affirmed.