MEYER v. PENNSYLVANIA LUMBERMEN'S MUT. FIRE INS. CO.

(Circuit Court, W. D. New York.  April 22, 1901.)

No. 17.

FOREIGN CORPORATION—ACTION—SERVICE ON DIRECTORS.

Where a foreign corporation is doing business in the state, service made on a director of the corporation within the state, having his permanent residence in the state,—the cause of action having arisen in the state,—is valid, under Code Civ. Proc. § 432.[1]

---

[1] Service of process on foreign corporations, see note to Eldred v. Car Co., 45 C. C. A. 3.

Heman W. Morris, for plaintiff.
Harris & Harris, for defendant.

HAZEL, District Judge. This is a motion to set aside service of the summons upon the defendant. Service was made upon a director of the corporation within the state of New York. The director has his permanent residence at Rome, in this state. The cause of action arose within the state. Moreover, I am of the opinion that the company is doing business within this state, and therefore a director of the defendant is a proper officer upon whom service of the summons can be effected. Code Civ. Proc. § 432; Insurance Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; Childs v. Manufacturing Co., 104 N. Y. 477, 11 N. E. 50. The opinion of Judge Wallace in Good Hope Co. v. Railway Barb-Fencing Co. (C. C.) 22 Fed. 635, bears out this contention. The case of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, relied upon by defendant's counsel, is clearly distinguishable from the case at bar. In that case the officer served was temporarily within the jurisdiction of the state of New York, and had no permanent residence or domicile therein. The motion to set aside service of the summons is denied. ·