FRONTIER S. S. CO. v. FRANKLIN S. S. CO. et al.

(District Court, W. D. New York. March 14, 1916.)

No. 1092.

1. CORPORATIONS ☞642(1)—PROCESS—SERVICE—"DOING BUSINESS" IN STATE.

A foreign corporation, owning vessels engaged in transporting merchandise on the Great Lakes, is "doing business" in the state of New York, where vessels docked in port of that state, crews were hired, freights collected, and vessels were fitted out, repaired, or laid up for the winter, though at the time of service of the process no vessels happened to be in the New York port.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520, 2521; Dec. Dig. ☞642(1).

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. CORPORATIONS ☞668(12)—PROCESS—SERVICE OF PROCESS—DOING BUSINESS IN THE STATE.

Where a foreign corporation is actually doing business in the state, the fact that it has failed to file a certificate required by state laws, showing

that it was doing business in the state, does not preclude service of process upon it within such state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2619; Dec. Dig. ☞668(12).]

3. CORPORATIONS ☞665(2)—PROCESS—SERVICE—VALIDITY.

Where a foreign corporation was not doing business within a state at the time process was served upon it, the fact that, after service and removal to the United States District Court for that part of the state, property and vessels of the corporation came within the district and attachment was issued, does not give the District Court jurisdiction, though the fact that vessels remained in the district is material on the question whether the corporation was doing business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2571, 2598; Dec. Dig. ☞665(2).]

At Law. Action by the Frontier Steamship Company against the Franklin Steamship Company and another. On motion to quash service of summons. Motion denied.

Brown, Ely & Richards, of Buffalo, N. Y., for plaintiff.
Stanley & Gidley, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. This is a motion to quash service of summons upon the defendants Franklin Steamship Company and Fremont Steamship Company, corporations and citizens of the state of Minnesota. The action was brought in the Supreme Court of the state of New York by the service of a summons only, and removed to this court after the complaint apprised the defendants that more than $3,000, exclusive of interest and costs, was involved. The summons, without the complaint, was served November 15, 1915, on one Oakes, the general manager, secretary, and treasurer of both defendants. He was not a citizen of this state, but was temporarily within the state at the time of service. A notice of appearance and a demand for a copy of the complaint were duly served by attorneys for defendants, and upon receiving the complaint the petition for removal was at once filed.

It is contended by plaintiff that by reason of such voluntary general appearance, as indicated by the notice of appearance, the defendants are concluded from urging in this court that the summons was improperly served upon them, and that the legal effect of the service of the notice of appearance, according to sections 421 and 424 of the Code of Civil Procedure of the state of New York, was a voluntary submission of the person to the jurisdiction of the court, which could have been avoided by appearing specially for the purpose of raising the question of jurisdiction by motion, or by allowing judgment to be taken by default. Reed v. Chilson et al., 142 N. Y. 152, 36 N. E. 884. But the case of Crown Cotton Mills v. Turner (C. C.) 82 Fed. 337, raises a doubt in my mind as to whether this rule is applicable in this judicial circuit. In that case, an action brought in the federal court, wherein the summons alone was served and the defendant was unadvised until the service of the complaint that the federal court had jurisdiction by reason of diversity of citizenship, Judge Lacombe held that the filing of a general appearance by de-

fendant did not constitute a waiver of his right to move to dismiss for want of jurisdiction of the person. There are, however, numerous federal court adjudications holding squarely that, in order to set aside service of a summons in an action brought in the state court, the appearance of the defendant must have been special, and not general; a general appearance depriving defendant of the right to object that an action within the general jurisdiction of the court was brought in the wrong district. Upon this point it will suffice to direct attention to Interior Construction Co. v. Gibney, 160 U. S. 219, 16 Sup. Ct. 272, 40 L. Ed. 401, Hoyt v. Ogden-Portland Cement Co. (C. C.) 185 Fed. 889, and cases cited therein.

There is much to be said arguendo on both sides, although in Pennsylvania Lumbermen's Mut. Life Ins. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810, the Supreme Court affirmed this court (108 Fed. 169) in holding that in a removable case, where it was shown that the defendant was engaged in business in this state, and that the cause of action arose within the state, full credit must be accorded the state statute as to the manner of serving process upon a foreign corporation, regardless of whether the officer served was actually representing the corporation at the time of service. This question, however, may be passed by, in view of the conclusion reached by me that the defendant corporations were engaged in business in this state and district at the time of the service of the summons upon their representative, the manager of the companies.

[1] The affidavits show that the defendants during the year 1915, and prior thereto, were the owners of several vessels engaged in transporting merchandise on the Great Lakes, and operated a line of vessels carrying cargoes in interstate commerce to and from Buffalo, coming to this port periodically during the season of navigation, where freights were collected by local agents, crews paid off, and vessels fitted out, repaired, or laid up for the winter, as necessary, within the jurisdiction of this court. In these circumstances, even though none of the vessels happened to be in port at the time of serving the summons, I think that the corporations defendant were at that time transacting business within the Western district of this state, and that service upon an officer was good, and should not be set aside. Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Pennsylvania Lumbermen's Mut. Life Ins. Co. v. Meyer, supra.

The facts here are essentially different from those of Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, where the Supreme Court held that a nonresident corporation railroad company, not having tracks within the district and merely transacting the incidental business of soliciting freight and passenger traffic, was not doing business in that district, which would warrant the inference that it was there present through its agent.

[2, 3] Defendants' failure to file a certificate, as ordained by the state laws, that they were transacting business in this state, does not prove that they were not so engaged, and the cases cited by defendants on this point do not apply. I quite agree that it is wholly immaterial that vessels and property of the defendants have come into this

district since the beginning of this action, and that an attachment has been granted thereon, for such facts alone would not give this court jurisdiction of the defendants. (Big Vein Coal Co. v. Read, 229 U. S. 38, 33 Sup. Ct. 694, 57 L. Ed. 1053, citing U. S. v. Brooke, 184 Fed. 341, decided by this court); but the arrival of boats owned by defendants and the keeping of them in this port for storing grain and wheat until navigation is resumed bears materially upon the question of the transaction of business in this district, wherein the summons was served in conformity with the statute of this state.

The motion to quash service of summons is denied.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes