BENJAMIN J. ETTELSOHN v. THE FIREMAN'S FUND INSURANCE COMPANY, GARNISHEE.

*Garnishment—Affidavit for writ—Jurisdiction.*

An affidavit for garnishment of a foreign corporation, which describes the garnishee by its corporate name, but fails to allege its corporate existence, or whether it was a copartnership, or whether located in this State or country, or that it ever did any business, is fatally defective, and the court acquires no jurisdiction to issue a writ thereon ; and such defects cannot be cured by statements in the writ descriptive of the garnishee defendant, not contained in such affidavit.

Error to Marquette. (Grant, J.) Argued November 5, 1886. Decided January 20, 1887.

Assumpsit. Defendant brings error. Reversed and proceedings dismissed. The facts are stated in the opinion.

*Ball & Hanscom,* for appellant.

*E. E. Osborn (Griffin & Warner,* of counsel), for plaintiff..

SHERWOOD, J. It is shown by the record in this case that Emma Lesser was carrying on a mercantile business in the city of Ishpeming, in January, 1885. Her husband, Morris Lesser, took charge of her business, and acted as her agent. He had shortly before been a member of a firm at the same place, consisting of himself and one Wisotsky, who had

failed in business, and Mrs. Lesser became the successor to the business of that firm.

A fire occurred in January, in her store, doing damage to her goods, which were insured in several different companies, of which the defendant was one. The loss against the defendant, when adjusted and apportioned, was the sum of $214.29.

On the fifteenth of January Mrs. Lesser duly assigned all her right to the said money to Joseph Lesser, of the city of New York, in payment of her alleged indebtedness to him, and the defendant was at once notified of the assignment.

On the twenty-fourth of January the plaintiff commenced suit against Mrs. Lesser for goods sold and delivered to her (and subsequently recovered a judgment therein against her for $2,891.32), and on the same day made and filed an affidavit for a writ of garnishment against the defendant, as garnishee of Emma Lesser. The writ was directed to the sheriff of Wayne county, and was by him returned served—

"*Upon Fireman's Fund Insurance Company, by serving James J. Clark, its attorney, the garnishee therein named, by showing the same to James J. Clark, and at the same time delivering to him a true copy of said writ,*" etc.

An answer, purporting to be by the garnishee, "by Thomas S. Chard, manager," was filed in the case, February 23, 1885. On February 12 the plaintiff's attorney filed a demand for "a trial of the statutory issue framed in the above-entitled cause against said garnishee."

On the second of March following an *ex parte* order was obtained, requiring Joseph S. Lesser, of the city of New York, to appear within four months from the date thereof, "and show and maintain his right under" the assignment to him by Emma Lesser "of the property in the hands of the said garnishees." The order provided for personal service upon said Joseph S. Lesser, or six weeks' publication in a newspaper of the county.

On the fourteenth day of August, 1885, a special motion was made by the attorney for the garnishee to dismiss the proceedings and discharge the garnishee, because—

"1. The affidavit for the writ does not identify the indebtedness sworn to with that sued upon.

"2. It does not describe the garnishee as a corporation, but proceeds against it as such.

"3. It does not state that the garnishee is a non-resident or foreign corporation, and yet the writ is directed to the sheriff of Wayne county for service, and the only service made was made in said county of Wayne.

"4. The writ purports, by the return indorsed thereon, to have been served by serving it upon a person described as the garnishee's attorney.

"5. The disclosure of the garnishee was not filed on or before the time appointed therefor in said writ, and no further order was made for such examination of the garnishee, as provided by law in such case, nor was the time enlarged for appearance and disclosure.

"6. The cause against the garnishee was not placed on the docket for trial, nor notice thereof in writing given to the garnishee, at either the March or June, A. D. 1885, terms of said court which were held, and although judgment was directed against the principal defendant at said March term of said court, to wit, on the eleventh day of March, 1885; and the said principal defendant did not, within two days after the rendition of said judgment, serve upon the garnishee notice of motion for a new trial, or of his intention to remove the cause to the Supreme Court; nor was any jury ever demanded by said garnishee in said cause, nor was said cause against said garnishee ever regularly continued at any term of said court, but said cause has remained since the rendition of said judgment, on the eleventh day of March, A. D. 1885, without having been placed on the court docket for tri₁ l, or being continued to the present time, without the causing of the said garnishee."

The cause was tried on the fifteenth day of April, 1886, and the plaintiff obtained judgment against the garnishee for $214.29, the amount of the insurance. The defendant brings error, and asks a review of the rulings and charge of the court.

It is claimed, first, the court erred in refusing to dismiss

the proceedings in the case on motion made for that purpose. The second ground of the motion is urged with much earnestness by counsel for defendant. This case involves proceedings purely statutory,—a clear departure from the common law, and in which no presumptions can be indulged to support jurisdiction. At the common law, the debtor had the privilege of choosing who should be his creditor. Under this statute of garnishment, he is deprived of that privilege. The law steps in between the two, and says another shall be his creditor, although the latter may be his worst enemy; and the debtor is also compelled to submit to the vexation and expense of a suit, in which the advice and counsel of a good lawyer must be secured, in order to avoid the hazard of a double liability. The first creditor is always on the alert to see that his claim is legally transferred to the second, which he has a right to do; and it is not unfrequently the case that these proceedings are resorted to for the purpose of forcing payment of a claim in violation of the rights of parties, who find themselves compelled to submit because of the danger and expense of a contest.

If a creditor seeks to collect his debt under this statute, the reasons are abundant and manifest why he should pursue the statute strictly, and under the most strict construction. The proceeding is founded upon the affidavit required by the statute. If this affidavit is defective, the court acquires no jurisdiction. It is not a case in which jurisdiction can be acquired by voluntary appearance of the parties, or aided by presumptions. Neither can any substantial requirement of the statute be waived in any of the proceedings by the debtor garnished, because others have an interest in the result quite equal with those of the parties to the suit. *Weimeister v. Manville*, 44 Mich. 408; *Conway v. Ionia Circuit Judge*, 46 Id. 28; *Iron Cliffs Co. v. Lahais*, 52 Id. 394.

The affidavit in this case reads as follows:

"STATE OF MICHIGAN, COUNTY OF MARQUETTE, SS.—THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE.

"*Benjamin J. Ettelsohn, Plaintiff, v. Emma Lesser, Defendant.*

"Benjamin J. Ettelsohn, being duly sworn, deposes and says that he is the above-named plaintiff, and that a personal action, arising upon contract, has been commenced, by declaration, by the above-named plaintiff against the above-named defendant, in the circuit court for the county of Marquette.

"This deponent further says that the said defendant is now justly indebted to the said plaintiff in the sum of two thousand dollars over and above all legal set-offs, upon express contract, for the recovery of which said suit is brought; and that the said plaintiff is justly apprehensive of the loss of the same unless a writ of garnishment issue to the Fireman's Fund Insurance Company, hereinafter mentioned.

"And this deponent further says that he has good reason to believe, and does believe, that the Fireman's Fund Insurance Company is indebted to said defendant; and further deponent says not.     B. J. ETTELSOHN.

"Sworn to and subscribed before me this twenty-fourth day of January, A. D. 1885.

    "JOHN P. OUTHWAITE,
        "Notary Public in and for said County."

It will be noticed that the proceedings in this and in the principal suit were had in the circuit court for the county of Marquette. The party named in the affidavit is "Fireman's Fund Insurance Company," and nowhere else in this or in the principal case do we find that name used. Whether this company was a corporation, domestic or foreign, or a copartnership; whether it was located in this State, or in any other state or country; or whether it ever did any business, or ever had a legal existence, even,—the affidavit wholly fails to inform us.

We think the affidavit is fatally defective. It does not show that the company named as garnishee was a party amenable under our laws, and this was essential before the writ could be issued. The statements and description given in the writ can be considered only so far as they correspond

with those given in the affidavit.[1]  The disclosure could have no effect, so long as no garnishee was described in the writ. The court had no jurisdiction in the case.  This being the fact, no other questions raised will be considered.

The judgment must be reversed, and the proceedings dismissed, with costs.

CAMPBELL, C. J., concurred with SHERWOOD, J.

CHAMPLIN, J.   While I concur in the result reached by my Brother SHERWOOD, I do not agree in the remarks which he makes concerning garnishee proceedings.   The statute is remedial, and, in my opinion, is entitled to the same rules of construction which are applicable to such statutes.   While it should be strictly construed, so as to protect the rights of parties, there appears to me to be no reason why, after jurisdiction is once acquired, the further proceedings should not be aided by presumptions in favor of regularity that pertain to other proceedings in courts of justice.

MORSE, J., concurred with CHAMPLIN, J.

[1] The writ recites the commencement of a personal action, arising upon contract, in the circuit court for the county of Marquette, by declaration, and the filing of an affidavit stating, amongst other things, that affiant had good reason to believe, and did believe, "that the Fireman's Fund Insurance Company, a foreign corporation doing business in this State under its insurance laws, is indebted," etc.

