GRINNELL *v.* NIAGARA FIRE-INSURANCE CO.

1. GARNISHMENT— JUSTICES OF THE PEACE — FOREIGN INSURANCE COMPANIES.
   A foreign insurance company may be garnished in justice's court, under 1 Comp. Laws, § 1014, authorizing garnishment proceedings in such courts against "corporations, whether foreign or domestic."

2. SAME—CORPORATIONS—SERVICE OF PROCESS.
   Under the provision of said section that the garnishee summons may be served on the "general or special agent" of the corporation, a return showing service on a person described as "agent" of such corporation is sufficient to confer jurisdiction.

3. SAME—PLEADINGS—DESCRIPTION OF GARNISHEE.
   An affidavit and writ of garnishment in justice's court, which describe the garnishee as "a corporation, etc.," without stating whether it is foreign or domestic, are not fatally defective.

4. SAME—ORAL EXAMINATION OF GARNISHEE.
   The action of the justice in striking the disclosures from the files, and ordering the garnishee to submit to an oral examination, if erroneous, was not prejudicial.

5. SAME—CLAIM UNDER INSURANCE POLICY — LIABILITY OF GAR-
NISHEE.

> Where, in garnishment proceedings against a fire-insurance
> company, commenced more than 60 days after loss under a
> policy held by the principal defendant, the garnishee admit-
> ted a liability to the amount of $500, and it appeared that,
> after service of the summons, it paid $1,000 to the insured in
> settlement of his claim, a judgment against the garnishee for
> less than $500 was justified.

Error to Wayne; Carpenter, J. Submitted February
13, 1901. Decided June 4, 1901.

Garnishment proceedings by Ira L. Grinnell and Clayton
A. Grinnell, copartners as Grinnell Bros., against the
Niagara Fire-Insurance Company, as garnishee of William
S. Murray. From a judgment for plaintiffs on verdict
directed by the court, defendant brings error. Affirmed.

*Tarsney, Hayes, Lawson & Fitzpatrick*, for appel-
lant:

The affidavit and writ are defective, and conferred no
jurisdiction upon the justice. *Ettelsohn* v. *Insurance
Co.*, 64 Mich. 331 (31 N. W. 201).

The same reasons which determined the court to hold in
*Insurance Co.* v. *Owen*, 30 Mich. 441, that the statutes
relating to service of process on foreign insurance com-
panies were not applicable to proceedings in justice's
court, should move it now to hold that such companies
are excepted from the provisions of 1 Comp. Laws, § 1014.

The loss had not been adjusted at the time the summons
was served; the company had not determined whether it
would pay the loss in money or replace the goods de-
stroyed; hence the claim was not garnishable. *Martz* v.
*Insurance Co.*, 28 Mich. 201; *Thorp* v. *Preston*, 42
Mich. 511 (4 N. W. 227); *Tribune Co.* v. *Reilly*, 46
Mich. 459 (9 N. W. 492); *Hitchcock* v. *Miller*, 48 Mich.
603 (12 N. W. 871); *Hopson* v. *Dinan*, 48 Mich. 612
(12 N. W. 875); *Bethel* v. *Judge of Superior Court*, 57
Mich. 381 (24 N. W. 112); *Cogswell* v. *Mitts*, 90 Mich.
355 (51 N. W. 514); *Bank* v. *Williams*, 112 Mich. 567
(71 N. W. 150); *Boyle* v. *Insurance Co.*, 7 Watts & S.
76; *Gies* v. *Bechtner*, 12 Minn. 279; *McKean* v. *Turner*,

45 N. H. 203; *Gove* v. *Varrell*, 58 N. H. 78; *Bucklin* v. *Powell*, 60 N. H. 119.

*William L. January*, for appellees.

LONG, J.  In October, 1898, plaintiffs brought suit in justice's court against William S. Murray, and on November 10th following recovered a judgment for $250. On the day the judgment was rendered, plaintiffs sued out a writ of garnishment against the defendant herein. This defendant is a foreign corporation, but doing business in the city of Detroit.  The writ of garnishment was served November 12th.  One Mr. Davenport was described in the return as the agent of defendant company. On the return day of the writ, Mr. Brooks, an adjuster of the company, appeared, and disclosed that the company had theretofore issued a policy to Murray for $1,500; that a loss by fire had occurred, for which Murray claimed a benefit under the policy, but that the company had not acknowledged any liability to Murray under the policy. The garnishee proceedings were commenced more than 60 days after the fire.  After this disclosure, the company filed amended disclosures in writing.  These were stricken from the files by the justice, and an oral disclosure ordered, and an adjournment taken.  On the adjourned day, Mr. Brooks again appeared in answer to a subpœna, and was orally examined touching the liability of the company.  Thereafter the justice rendered judgment against the garnishee defendant for $251.50, being the amount of the judgment and costs against the principal defendant.  The case was thereupon appealed to the circuit court, and on a trial there the plaintiffs again had judgment.  Defendant brings error.

1. It is contended by counsel for defendant that "the affidavit and the writ of garnishment are defective, and conferred no jurisdiction upon the justice, because they do not describe the defendant insurance company in such a manner as to show that it is a corporation amenable to our laws."  The garnishment proceedings were com-

menced under chapter 35, 1 Comp. Laws 1897, relating to garnishment in justices' courts. This act was passed in 1849, as Act No. 137, and is entitled "An act to authorize proceedings against garnishees and for other purposes." It has been amended from time to time, and section 25 of the act was amended so that it now stands as section 1014, 1 Comp. Laws 1897, and provides:

"Corporations, whether foreign or domestic, other than municipal, may be proceeded against as garnishees in the same manner, and with like effect, as individuals, under the provisions of this act, and the rules of law regulating proceedings against corporations; and the summons against the garnishee in such case may be served on the president, cashier, secretary, treasurer, general or special agent," etc.

In *Lorman* v. *Insurance Co.*, 33 Mich. 65, the proceedings were in garnishment commenced against the defendant insurance company under section 6463, 2 Comp. Laws 1871, being the identical section of the act under which the present proceedings were had. The writ was served on the general agent of the defendant company, and no question was raised but that the service was valid. This act covers all cases in which garnishee proceedings may be commenced in justice's court. It renders the garnishee liable for the value of all the goods, property, money, and effects in his hands or under his control belonging to the principal defendant. By section 22 (1 Comp. Laws 1897, § 1011), bills of exchange and promissory notes not due, in the hands of the garnishee at the time of the service of the summons, are deemed to be effects, under the provisions of the act.

The affidavit and writ in the present case describe the defendant company as "the Niagara Fire-Insurance Company, a corporation, etc.," without stating whether it is a foreign or a domestic corporation. The writ was served on Mr. Davenport, whom the return to the writ describes as "agent of the above-named company." It is conceded that Mr. Brooks, the adjuster of the company, ap-

peared in answer to the summons in garnishment, and made disclosure, and that on the adjourned day the defendant was represented by counsel in the case, and there is nothing in the record showing that any claim was made that the justice had no jurisdiction. We think the affidavit and writ were not defective, and that the justice had jurisdiction.

2. It is claimed that the justice exceeded his powers in striking the written disclosures from the files, and ordering the defendant to submit to an oral examination. We think there was no error in this that was prejudicial to the rights of the defendant company.

3. It is claimed that the garnishee disclosures failed to show sufficient evidence upon which to base any liability of the defendant, because it denied absolutely the existence of any indebtedness to Murray, the principal defendant. There is no merit in this claim. It appears that, after the garnishee summons was served, the insurance company made a settlement with Murray by the payment to him of $1,000 in full of his claim under the policy. The adjuster of the company testified on his examination that the company paid Murray $1,000, and took from him a bond to save the company harmless of and from all claims the plaintiffs here might have under these proceedings. He also testified: "I will admit that the company was indebted in the sum of $500." This admission was sufficient upon which to base the judgment in this case.

The judgment must be affirmed.

The other Justices concurred.