WEBER *v.* WAYNE CIRCUIT JUDGE.

1. GARNISHMENT—AFFIDAVITS—SUFFICIENCY — STATUTORY REMEDY STRICTLY CONSTRUED.

Garnishment being regarded as an anomalous and harsh statutory remedy, the rule of strict construction to protect the rights of the parties obtains in this State, and it is settled law that if the affidavit, which is the jurisdictional foundation of the action, does not fulfil the statutory requirements no jurisdiction is acquired by the court and the proceeding is void.

2. SAME—IF GARNISHEE DEFENDANT IS A CORPORATION AFFIDAVIT MUST SO STATE.

Where the garnishee is an artificial legal entity, whether corporation or partnership, a bare name in the affidavit is not sufficient, but whether a corporation or a partner-

217 Mich.—36.

ship it must be named as such, and, if the latter, individual Christian and surnames of all the partners should be stated.

3. SAME—AFFIDAVIT—AUTHORITY TO ACT AS AGENT MUST APPEAR ON FACE

If the affidavit is made by one other than the plaintiff, authority to act in his behalf must show upon its face.

4. CORPORATIONS—ACTIONS BY OR AGAINST CORPORATIONS — STATUTES.

Under 3 Comp. Laws 1915, § 12459, in actions by or against corporations generally, it is no longer necessary to recite the act of incorporation or the proceedings by which the corporation was created, but it is sufficient to aver that such plaintiff or defendant is a corporation organized and existing under and by virtue of the laws of the State or country, naming it, where such plaintiff or defendant was incorporated.

5. GARNISHMENT—AFFIDAVIT—SUFFICIENCY—CORPORATIONS.

Where an affidavit in garnishment, naming a bank as garnishee defendant, failed to state that it was a corporation organized and existing under and by virtue of the laws of the State, said affidavit was fatally defective and conferred no jurisdiction upon the court.

6. SAME—AMENDMENTS.

Nor does the right to amend extend to defects of a jurisdictional nature.

7. SAME—SPECIAL APPEARANCE CONFERS NO JURISDICTION.

A special appearance for the purpose of moving to dismiss, whether successful or unsuccessful, is not a submission to the general jurisdiction of the court in such case.

8. SAME—APPEARANCE—JURISDICTION.

A general appearance by the principal defendant in the main case does not cure defects in the auxiliary garnishment proceeding, nor does a general appearance by the garnishee in the garnishment case there confer jurisdiction over a principal defendant in the main case.

Mandamus by William G. Weber, trustee in bankruptcy of the estate of Walter T. Wilson, to compel Theodore J. Richter, circuit judge of Wayne county, to vacate an order quashing garnishment proceedings.

Submitted January 3, 1922.    (Calendar No. 30,025.)
Writ denied March 30, 1922.

*Walter M. Trevor,* for plaintiff.
*George W. Eyster,* for defendant.

STEERE, J. · On July 8, 1919, Walter T. Wilson
commenced an action by attachment against William
G. Westwood in the circuit court of Wayne county
upon a promissory note for $1,060.   On the same date
he filed an affidavit of garnishment before judgment
and obtained an auxiliary writ making the Wayne
County & Home Savings Bank garnishee defendant.
On October 16, 1919, defendant Westwood filed his
plea of the general issue to the principal action with
notice of special defense.   On July 23, 1919, the
garnishee defendant, Wayne County & Home Savings
Bank, entered its appearance and filed a disclosure
setting up that it was indebted to the Westwood Realty
Company at the date of service of the writ upon it in
the sum of $322.94 and was advised said William G.
Westwood was interested in said realty company
either as proprietor or as partner with his wife, he
claiming the ownership of said sum was in the co-
partnership; that the said garnishee defendant was
not otherwise indebted to said principal defendant
Westwood in any sum, claim or demand whatsoever.
On May 19, 1921, William G. Weber, plaintiff herein,
filed a suggestion of bankruptcy and notice of appear-
ance in the principal case of Wilson v. Westwood,
setting up that on the 4th day of August, 1920, Wilson
was adjudicated a bankrupt in the United States
district court for the eastern district of Michigan and
that he (Weber) was appointed by that court trustee
of the estate of said bankrupt.   On June 24, 1921,
Westwood, defendant in the principal case, died and
suggestion of his death was entered therein on Sep-

tember 26, 1921, and his widow, Frieda K. Westwood, was substituted as the defendant, having been appointed administratrix of his estate, on July 20, 1921. On September 7, 1921, she in her own name moved the court for discharge of the writ of garnishment, claiming that the fund in the hands of the Wayne County & Home Savings Bank as shown by its disclosure belonged to a copartnership consisting of herself and her husband, William G. Westwood. This motion was denied, and on September 26, 1921, she as administratrix of her husband's estate filed a motion in the garnishment case to quash the affidavit and writ of garnishment, claiming the affidavit was void because it did not name the garnishee defendant as a corporation, partnership or individual. This motion was heard and granted, the affidavit and writ of garnishment quashed and the garnishee proceedings set aside, releasing the garnishee defendant from all liability thereunder. Plaintiff Weber seeks review and reversal of such order.

The question presented for determination is whether the affidavit is sufficient to authorize the writ under our law. The affidavit twice mentions the alleged garnishee defendant. First as "Wayne County & Home Savings Bank" and later uses the name "Wayne County & Home Savings Bank, Detroit, Michigan."

Garnishment being regarded as an anomalous and harsh statutory remedy, the rule of strict construction to protect the rights of the parties obtains in this State and it is settled law that if the affidavit, which is the jurisdictional foundation of the action, does not fulfil the statutory requirements no jurisdiction is acquired by the court and the proceeding is void. When the garnishee is an artificial legal entity, whether corporation or partnership, a bare name in the affidavit is not sufficient. If a corporation or partnership it must be named as such. If the latter, indi-

vidual Christian and surnames of all the partners should be stated.   If the affidavit is made by other than the plaintiff it must show upon its face that it is by some person authorized to act in his behalf. 1 Stevens' Mich. Practice, §§ 83-85; 2 Abbott's Practice, p. 1379; *Lyon* v. *Ballentine,* 63 Mich. 97 (6 Am. St. Rep. 284) ; *Ettelsohn* v. *Insurance Co.,* 64 Mich. 331; *Carter* v. *Babcock,* 206 Mich. 169, and cases cited.

Suggestive as fixing the limits of laxity in actions by or against corporations generally, section 12459, 3 Comp. Laws 1915, makes it no longer necessary to recite the act of incorporation or the proceedings by which the corporation was created and says:

"But it shall be sufficient to aver that such plaintiff or defendant is a corporation organized and existing, under and by virtue of the laws of the State, or country, naming it, where such plaintiff or defendant was incorporated."

In this case the jurisdictional affidavit wholly fails in those requisites.   In the *Ettelsohn Case* the garnishee is named in the affidavit as "Fireman's Fund Insurance Company."   After some general comments on the subject of garnishment proceedings, the court there said:

"We think the affidavit is fatally defective.   It does not show that the company named as garnishee was a party amenable under our laws, and this was essential before the writ could be issued.   The statements and description given in the writ can be considered only so far as they correspond with those given in the affidavit.   The disclosure could have no effect, so long as no garnishee was described in the writ.   The court had no jurisdiction in the case."

While it is true there was a short dissenting opinion as to some of the things said in the controlling opinion of that case, the court was apparently unanimous on the question of jurisdiction, it being conceded in the dissent that the statute should be strictly construed

to protect the rights of the parties, with suggestion that "after jurisdiction is once acquired" there might be some presumptions in favor of regularity to aid further proceedings.     The right to amend does not extend to defects of a jurisdictional nature.     *Hoben* v. *Telephone Co.*, 176 Mich. 599; *McCain* v. *Wayne Circuit Judge*, 187 Mich. 73.

In evasion of the foregoing, plaintiff emphasizes that the defendant appeared and pleaded in the principal case and the garnishee defendant appeared and disclosed in the garnishment case, in which the widow of the deceased principal defendant also appeared to move release of the garnishment on the ground of a partnership, afterwards making this motion as administratrix.     A special appearance for the purpose of moving to dismiss whether successful or unsuccessful is not a submission to the general jurisdiction of the court in such case.     Neither the widow or her deceased husband ever appeared generally in the garnishment proceeding.     A general appearance by the principal defendant in the main case does not cure defects in the auxiliary garnishment proceeding, nor does a general appearance by the garnishee in the garnishment case there confer jurisdiction over a principal defendant in the main case.

The trial court committed no error in determining the affidavit was fatally defective and the court had acquired no jurisdiction.     A writ of mandamus is therefore denied.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.

The late Justice STONE took no part in this decision.