FIRST NATIONAL BANK OF HANFORD *v.* MORGANTHALER.

1. CORPORATIONS—RIGHT TO SUE—PROCESS—GARNISHMENT.
   In view of 3 Comp. Laws 1915, § 11328, providing that all corporations may sue and be sued in their corporate names, and section 12369, extending this right to corporations created elsewhere, the designation of plaintiff in a garnishee affidavit as "The First National Bank of Hanford, a banking corporation," *held*, sufficient, although plaintiff failed to allege that it was entitled to sue in this court.

2. SAME—PROCESS.
   It is unnecessary for a corporation to make it appear upon the process that it is entitled to sue; 3 Comp. Laws 1915, § 12459, being applicable to pleadings rather than process.

3. SAME.

Since foreign corporations have the same right as domestic corporations to sue and be sued in our courts in their corporate names, it is unnecessary to make it appear in garnishee process that the defendant is a corporation amenable to our laws, but a showing that it is a corporation is sufficient.

Error to Wayne; Richter (Theodore J.), J.   Submitted January 19, 1922.   (Docket No. 111.)   Decided July 20, 1922.

Garnishment proceedings by the First National Bank of Hanford against The People's State Bank and another, garnishee defendants of Calot B. Morganthaler.   Judgment for defendants.   Plaintiff brings error.   Reversed.

*Angell, Turner & Dyer,* for appellant.

*Routier & Nichols,* for appellees.

BIRD, J.   Plaintiff commenced a suit in Wayne county against defendant to recover an amount due on several promissory notes.   Subsequently it commenced a garnishee proceeding against The People's State Bank and the Detroit Packing Company.   As a basis for this garnishee suit it filed the following affidavit:

"TITLE OF CAUSE AND COURT.

"State of Michigan, } ss.
"County of Wayne }

"Clifton G. Dyer, of Detroit, Michigan, being duly sworn, deposes and says, that he is agent and attorney for the plaintiff in the above entitled cause; that said cause was commenced in the said circuit court for the county of Wayne, by summons; that the same is a personal action arising upon express contract, and that the said defendant, C. B. Morganthaler, also known as Calot B. Morganthaler, is justly indebted to the said plaintiff, upon such contract, in the sum of six

thousand ($6,000) dollars, over and above all legal set-offs, which said sum is now due and unpaid, and which this deponent believes the said plaintiff is entitled to recover in the said action against the said defendant.

"And this deponent further says that he has good reason to believe, and does believe, that The People's State Bank, a banking corporation, and the Detroit Packing Company, a corporation, have property, money, goods, chattels, credits and effects in their hands, and under their custody and control, belonging to the said C. B. Morganthaler, the above named defendant, and that the said The People's State Bank, and the Detroit Packing Company, are severally indebted to the said C. B. Morganthaler, the above named defendant, whether such indebtedness is now due or not.

"And this deponent further says, that he is justly apprehensive of the loss of the said sum of six thousand ($6,000) dollars, so due to the said plaintiff from the said C. B. Morganthaler, the above named defendant, unless a writ of garnishment issue to the said The People's State Bank, and the Detroit Packing Company.

"And further this deponent says not.

"CLIFTON G. DYER."

Counsel for the principal defendant appeared specially and moved the court to dismiss the garnishee proceeding because:

(1) That said affidavit for the writ of garnishment failed to allege that the plaintiff was entitled to sue in this court.

(2) That the said affidavit for writ of garnishment fails to show that there was a garnishee defendant.

The trial court dismissed the garnishee proceedings and plaintiff assigns error.

1. It is defendant's position that no legal plaintiff is named as plaintiff in the garnishee affidavit. That the designation of plaintiff as "The First National Bank of Hanford, a banking corporation," is not sufficient.

Section 11328, 3 Comp. Laws 1915, provides that all corporations shall, when no other provision is specially made, be capable *in their corporate name* to sue and be sued, etc.

Section 12369, 3 Comp. Laws 1915, has extended this right to corporations created elsewhere. This section provides that:

"A foreign corporation created by the laws of any other State or Country may prosecute in the courts of this State in the same manner as corporations created under the laws of this State, upon giving security for the payment of the costs of the suit, in the same manner that nonresidents are required by law to do."

If a domestic corporation may commence suit in its corporate name, it follows that foreign corporations, under the foregoing provision, may do likewise.

But counsel call attention to 3 Comp. Laws 1915, § 12459:

"In actions by or against any corporation, foreign or domestic, it shall not be necessary to recite the act or acts of incorporation, or the proceedings by which such corporation was created, or to set forth the substance thereof; but it shall be sufficient to aver that such plaintiff or defendant is a corporation organized and existing, under, and by virtue of the laws of the State or Country, naming it, where such plaintiff or defendant was incorporated,"

and argue that the affidavit for garnishment should comply with this statute and show whether it is a domestic or foreign corporation and name the laws of the State or Country under which it exists. In other words, that process should show on its face that the plaintiff has a right to maintain the action. We are not impressed that this section of the statute applies to process. It is found in the chapter relating to pleadings. Counsel further say that it is necessary to do this in order to disclose the fact that it is a

foreign corporation so that the provision for security for costs may be enforced. The nonresidence of the plaintiff is likely to develop early in litigation, and when it does a motion to dismiss will be granted if security be not given. When an individual sues in his name he does not have to make it appear upon the process that he is entitled to sue, and we see no necessity for so doing when a corporation sues in its corporate name.

2. The point that there was no proper designation of a garnishee defendant is based upon the holding of this court in *Ettelsohn* v. *Insurance Co.*, 64 Mich. 334. In the affidavit in that case the garnishee was described as the "Fireman's Fund Insurance Company." Upon motion to dismiss for the reason that there was no proper designation of the garnishee defendant, the court said:

"It will be noticed that the proceedings in this and in the principal suit were had in the circuit court for the county of Marquette. The party named in the affidavit is 'Fireman's Fund Insurance Company' and nowhere else in this or in the principal case do we find that name used. Whether this company was a corporation, domestic or foreign, or a copartnership; whether it was located in this State, or in any other State or Country; or whether it ever did any business, or ever had legal existence, even,—the affidavit wholly fails to inform us.

"We think the affidavit is fatally defective. It does not show that the company named as garnishee was a party amenable under our laws and this was essential before the writ could be issued."

At the time this holding was made in 1887 there was no provision in our statutes providing for making service of writs of garnishment on foreign corporations. It was not until 1889 that provision was made for service of garnishee process upon foreign corporations. *Milwaukee Bridge & Iron Works* v. *Wayne Circuit Judge*, 73 Mich. 155. Now service

may be had on foreign corporations as well as domestic. Quite likely this fact furnishes a reason for the holding in the *Ettelsohn Case* that the affidavit should show whether the garnishee defendant is a foreign or domestic corporation. If service could be made at that time upon one class of corporations and not upon another, it would furnish some reason for holding that the affidavit should show that the garnishee defendant was among the class which could be legally served.

This distinction evidently influenced this court in *Grinnell* v. *Insurance Co.,* 127 Mich. 19. The same issue was raised in that case as the one in the present case. An application to dismiss was made because the garnishee defendant was designated as the "Niagara Fire Insurance Company, a corporation," etc., and nothing was shown whether it was a corporation amenable to our laws. The *Ettelsohn Case, supra,* was cited and relied upon. This court, however, said:

"We think the affidavit and writ were not defective and that the Justice had jurisdiction."

In the recent case of *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561, the question was again discussed in some of its phases. The garnishee defendant was named as the "Wayne County & Home Savings Bank." A motion was made to dismiss the proceeding because the garnishee defendant was not named as a corporation, partnership or individual. It was held that if the garnishee defendant was a corporation or partnership it must be named as such. This case is not controlling of the present one because in the present case the garnishee defendant is named as a corporation. It was named as "The Peoples State Bank, a banking corporation."

Since domestic corporations may sue and be sued

in our courts in their corporate names, and since foreign corporations may have the same right and are subject to the same process in garnishee cases, we think there is no longer any basis for making it appear in garnishee process that the defendant is a corporation amenable to our laws. If the affidavit and writ show that the garnishee defendant is a corporation or if the name imports a corporation, we think it is a sufficient compliance with the law. The statute permits corporations to sue and be sued *in their corporate names.* If in any given case it should appear that the defendant was not a corporation and was not amenable to our laws, the question is easily taken care of on a motion to dismiss. For other cases bearing on this question, see *Acme Lumber Co. v. Construction Co.,* 214 Mich. 357; *Prussian National Ins. Co. v. Eisenhardt,* 153 Mich. 198; *Ferry v. Cincinnati Underwriters,* 111 Mich. 261.

The judgment of the lower court must be reversed and set aside, with costs of this court to plaintiff.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.