FILDEW v. STOCKARD.

1. CORPORATIONS—RECEIVERS.
   Receiver takes corporation's property subject to all prior liens.

2. SAME—DUTY OF RECEIVER TO ATTACK DEFECTIVE LIENS.
   If corporation is insolvent, it is receiver's duty to attack all liens that are fatally defective.

3. APPEARANCE—WAIVER OF DEFECTS IN PLEADINGS.
   Defect in *præcipe*, summons, affidavits, and writs of garnishment in misnaming State in which defendant corporation was incorporated, was waived by filing its general appearance.

4. PLEADING—PARTIES—MISNOMER—AMENDMENT.
   While due diligence is required in pleadings of plaintiff in description of parties, yet, where no one has been misled in any manner by misnomer, amendment should be permitted (3 Comp. Laws 1929, § 14144).

5. SAME—AMENDMENT IN FURTHERANCE OF JUSTICE.
   Under statute of amendments (3 Comp. Laws 1929, § 14144), court has power to amend any process, pleading, or proceeding in action or proceeding, either in form or substance, for furtherance of justice and may disregard any error or defect therein which does not affect substantial rights of parties.

6. SAME—CORPORATIONS—AMENDMENT.
   Court properly permitted amendment of pleadings erroneously describing defendant corporation as Michigan corporation, where no one had been misled by error (3 Comp. Laws 1929, § 14144).

Appeal from Wayne; Campbell (Allan), J. Submitted December 1, 1931. (Calendar No. 35,919.) Decided January 4, 1932.

Garnishment proceedings by John H. Fildew against Joel Stockard and Joel Stockard & Company, principal defendants, and Peoples Wayne

County Bank and others, garnishee defendants. From order permitting amendment of process as to character of corporate principal defendant, it's receiver appeals. Affirmed.

*Stanley L. Fildew* and *Edward G. DeGree,* for plaintiff.

*Yerkes, Goddard & McClintock (Frank W. Donovan,* of counsel), for receiver of defendant Joel Stockard & Company.

BUTZEL, J. John H. Fildew brought suit by summons against Joel Stockard and "Joel Stockard & Company, a Michigan corporation," jointly and severally. He filed affidavits for writs of garnishment, and they were issued and served on several banking corporations. One of the garnishees disclosed assets held as collateral of a value in excess of the indebtedness due it. Subsequently, a receiver was appointed for Joel Stockard & Company, and the receiver caused its appearance to be entered in the instant case. Later the receiver entered a default of plaintiff for failure to file a declaration, and secured an order discontinuing the garnishment proceedings, but both the default and order were set aside because no notice had been served on plaintiff. Plaintiff, on filing his declaration, also moved to amend the *præcipe,* summons, and affidavits and writs of garnishment, so as to substitute the name of "Joel Stockard & Company, a corporation," instead of "Joel Stockard & Company, a Michigan corporation," wherever the latter designation appeared. The receiver objected, and showed that Joel Stockard & Company is a Delaware corporation; that the rights of the receiver as a representative of creditors had intervened since the issuance of the

original writs, and that the equities favored the receiver, who was looking after the equal protection of all creditors, while plaintiff was seeking a preference. The circuit judge permitted the amendment, and the receiver appeals.

The record fails to disclose the reasons for the appointment of a receiver. In an affidavit in opposition to the motion to amend, appellant's attorney states, on information and belief, that creditors will not be paid in full. Another affidavit shows that the receivership was precipitated by plaintiff's garnishment proceedings.

A receiver takes a corporation's property subject to all prior liens, but if the corporation is insolvent, it is his duty to attack all liens that are fatally defective. *Detroit Trust Co.* v. *Goodrich,* 175 Mich. 168 (Ann. Cas. 1915A, 821). However, in the instant case, any objections it might have raised to the misdescription in naming the State under which defendant company was incorporated it waived by filing its general appearance. See *Welch* v. *Hull,* 73 Mich. 47; *Tuller* v. *Ginsburg,* 99 Mich. 137. In *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561, based on the earlier case of *Ettelsohn* v. *Insurance Co.,* 64 Mich. 331, it was stated that a general appearance by the principal defendant in the main case did not clear defects in the auxiliary garnishment proceedings. In that case, the name not only failed to reveal the State in which the corporation had been organized and existed, but also that there was a corporation at all.

In the later case of *Phillips* v. *Belt Automobile Indemnity Ass'n,* 241 Mich. 420, the rule was very much relaxed, the court saying:

"In *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561, it was held that no jurisdiction was acquired where

the bare name of the corporation was stated in the affidavit and process, and that it was necessary to state that it was a corporation in order to confer jurisdiction. I think it should be noted that in that case the word 'company' or its equivalent was not a part of the corporate name. The language of the opinion in *First National Bank of Hanford* v. *Morganthaler,* 219 Mich. 300, quite materially modifies the holding in the *Weber Case,* and it was pointed out by Mr. Justice BIRD that *Ettelsohn* v. *Insurance Co.,* 64 Mich. 331, upon which the *Weber Case* was largely based, was decided before foreign corporations were answerable in garnishment proceedings and that it was quite likely that this furnished a reason for the holding in the *Ettelsohn Case.* It should also be noted that but one Justice concurred in all that was said by Mr. Justice SHERWOOD in the *Ettelsohn Case.*

"Unquestionably proper pleading requires that there should be a recital that the party is a corporation. But if the affidavit, process, or pleading omits such recital it is in my judgment amendable. In *People* v. *Meyer,* 204 Mich. 331, the information alleged that Herpolsheimer Company whose property was stolen was a corporation. This court sustained the right to amend by alleging that the company was a partnership. I am persuaded that the rigor of the holding in the *Weber Case* should be relaxed and it should be held that where the name of the party imports a corporation or an association, the court acquires jurisdiction even though the fact that it is a corporation or association is not affirmatively stated."

In *Daly* v. *Blair,* 183 Mich. 351, 353, it was said:

" 'Where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted.' 31 Cyc. p. 488."

In *First National Bank of Hanford* v. *Morganthaler*, 219 Mich. 300, 305, the principal defendant appeared specially to move for dismissal, on the ground that the State of incorporation was not averred. The court said:

"Since domestic corporations may sue and be sued in our courts in their corporate names, and since foreign corporations may have the same right and are subject to the same process in garnishee cases, we think there is no longer any basis for making it appear in garnishee process that the defendant is a corporation amenable to our laws. If the affidavit and writ show that the garnishee defendant is a corporation or if the name imports a corporation, we think it is a sufficient compliance with the law."

In the instant case, no one has been misled. The principal defendant, described as a Michigan corporation, duly appeared, as did its receiver. The garnishee defendants were duly served, and in their disclosures show that there has been no misapprehension on their part as to who Joel Stockard & Company is, even though described as a Michigan corporation. While due diligence is required in pleadings of the plaintiff in the description of the parties, and pleadings still serve a necessary purpose, nevertheless, where no one has been misled in any manner by a misnomer, the amendment should be permitted. Under the statute of amendments, 3 Comp. Laws 1929, § 14144, the court has the power to amend any process, pleading, or proceeding in an action or proceeding, either in form or in substance, for the furtherance of justice, and may disregard any error or defect in the proceedings which does not affect the substantial rights of the parties. Under the facts of the present case, we believe that the

circuit judge was correct in permitting the amendment. The order is affirmed, with costs to plaintiff.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.