**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 2, 2008

MELISSA BOODT, as Personal
Representative of the Estate of
David Waltz, Deceased,

      Plaintiff-Appellee/
      Cross-Appellant,

v                                 No. 132688

BORGESS MEDICAL CENTER,

      Defendant-Appellee/
      Cross-Appellee

and

MICHAEL ANDREW LAUER, M.D.,
and HEART CENTER FOR
EXCELLENCE, P.C.,

      Defendants-Appellants/
      Cross-Appellees,

and

MICHAEL ANDREW LAUER, M.D.,
P.C.,

      Defendant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

At issue in this wrongful-death, medical-malpractice action is whether plaintiff's notice of intent was sufficient with respect to the defendant physician, Michael A. Lauer, M.D. The trial court granted defendants' motion for summary disposition, holding that plaintiff's notice of intent was not sufficient, and the Court of Appeals reversed with respect to the grant of summary disposition to Lauer. 272 Mich App 621; 728 NW2d 471 (2006).

Regarding causation, the notice of intent states: "If the standard of care had been followed, [David] Waltz would not have died on October 11, 2001." This statement does not describe the "manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice," as required by MCL 600.2912b(4)(e). Even when the notice is read in its entirety, it does not describe the manner in which the breach was the proximate cause of the injury. When so read, the notice merely indicates that Lauer caused a perforation and that he then failed to do several things that he presumably should have done, such as perform a pericardiocentesis in a timely manner. However, the notice does not describe the manner in which these actions or the lack thereof caused Waltz's death. As this Court explained in *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 699-700 n 16; 684 NW2d 711 (2004) (*Roberts II*), "it is not sufficient under this provision to merely state that defendants' alleged negligence caused an injury. Rather, § 2912b(4)(e) requires that a notice of intent

2

more precisely contain a statement as to the *manner* in which it is alleged that the breach was a proximate cause of the injury." (Emphasis in original.)

Although the instant notice of intent may conceivably have apprised Lauer of the nature and gravamen of plaintiff's allegations, this is not the statutory standard; § 2912b(4)(e) requires something more. In particular, it requires a "statement" describing the "manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." MCL 600.2912b(4)(e). The notice at issue here does not contain such a statement.[1]

On the other hand, as we also explained in *Roberts II,* 470 Mich at 694, § 2912b(4) does not require a plaintiff to provide statements in the notice that "ultimately [must] be proven, after discovery and trial, to be correct and accurate in every respect." We recognize that a "notice of intent is provided at the earliest stage of a medical malpractice proceeding," *id.* at 691, and, thus, a plaintiff need only "specify what it is that she is *claiming* under each of the enumerated categories in § 2912b(4)," *id.* at 701 (emphasis in original). As long as these

---

[1] The dissent contends that the notice does contain such a statement because, according to the dissent, it states that "Lauer negligently caused Waltz's death by the continued administration of an anticoagulant after internal bleeding was detected." *Post* at 4. However, contrary to the dissent's contention, this statement cannot be found anywhere in the notice of intent. Instead, the notice only states that defendants "[f]ailed to timely recognize the perforation and stop the anticoagulation and order an echocardiogram[.]" Nowhere in the notice does plaintiff state the "manner in which [this failure] was the proximate cause of the injury claimed in the notice." MCL 600.2912b(4)(e).

3

claims are made in good faith, the notice is not rendered insufficient simply because it is later discovered that the claims are imperfect or inaccurate in some respect. *Id.* at 692 n 7.

This Court has already held that a defective notice of intent does not toll the period of limitations. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 64; 642 NW2d 663 (2002) (*Roberts I*).[2] Plaintiff now argues that even if the notice here did not toll the period of limitations, under MCL 600.5856(a) and MCL 600.2912d(1),[3] the filing of the complaint and the affidavit of merit *did* toll the period. See *Kirkaldy v Rim*, 478 Mich 581; 734 NW2d 201 (2007) (holding that

---

[2] The dissent complains that defendant waited until it was "too late to correct an alleged deficiency" to raise it. *Post* at 2. However, as we explained in *Roberts I,* 466 Mich at 59, "MCL 600.2912b places the burden of complying with the notice of intent requirements on the plaintiff and does not implicate a reciprocal duty on the part of the defendant to challenge any deficiencies in the notice before the complaint is filed." Further, the case the dissent relies on for its position that "dismissal on the basis of a deficient notice of intent [is] inappropriate when there was no prejudice to the recipient," *post* at 8, citing *Lisee v Secretary of State,* 388 Mich 32; 199 NW2d 188 (1972), did not involve the notice of intent specifically required by § 2912b. Further, in *Rowland v Washtenaw Co Rd Comm,* 477 Mich 197, 213; 731 NW2d 41 (2007), this Court, in contrast to the holding in *Lisee, supra* at 45, made clear that a prejudice requirement cannot be read into a statutory notice provision that does not itself contain such a requirement. The *Rowland* Court's approach is most consistent with our goal to uphold the Legislature's intent by honoring the Legislature's choice of language. Our adherence to *Rowland* explains why we treat the statutory language at issue here differently than how *Lisee* treated the statutory language at issue in that case.

[3] MCL 600.5856(a) states that the filing of a complaint tolls the period of limitations. MCL 600.2912d(1) requires a medical-malpractice plaintiff to file an affidavit of merit with the complaint.

the filing of the complaint and affidavit of merit tolls the period of limitations, at least until the sufficiency of the affidavit is successfully challenged). We respectfully disagree.

MCL 600.2912b(1) states that "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b(4) states that the "notice given to a health professional or health facility under this section shall contain a statement of at least all of the following . . . ." Therefore, a plaintiff cannot commence an action before he or she files a notice of intent that contains all the information required under § 2912b(4). See *Roberts I,* 466 Mich at 64 (holding that the period of limitations is not tolled unless notice is given in compliance with all the provisions of § 2912b[4]). Because plaintiff's notice of intent here did not contain all the information required under § 2912b(4), she could not have commenced an action.[4] Therefore, her complaint and affidavit of merit could not have tolled the period of limitations.

---

[4] The dissent argues that, pursuant to MCL 600.2301, we should remand this case to the trial court to allow plaintiff to amend her notice of intent. MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment
> (continued . . .)

5

This case is distinguishable from *Kirkaldy*, because there the plaintiff presumably filed a notice of intent that satisfied § 2912b(4)(e). We concluded that the plaintiff's subsequent filing of a complaint and an affidavit of merit, which was later determined to be defective, tolled the period of limitations until the affidavit's sufficiency was successfully challenged. In this case, however, plaintiff failed to file a notice of intent that satisfied the requirements of § 2912b(4)(e), and, thus, plaintiff was not yet authorized to file a complaint and an affidavit of merit. Therefore, the filing of the complaint and the affidavit of merit

---

(continued . . .)

rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

As discussed above, because the notice of intent was deficient, no action is pending, and § 2301 only applies to pending actions. In addition, § 2301 only applies to a "process, pleading, or proceeding." Although the dissent acknowledges that a notice of intent is not a pleading, it argues that a notice of intent is a "proceeding." *Post* at 6 and n 6. However, contrary to the dissent's contention, our decision in *Fildew v Stockard,* 256 Mich 494; 239 NW 868 (1932), did not even discuss the meaning of the term "proceeding." Moreover, any discussion in *Fildew* regarding whether the statute permitted amendment was dictum in light of the fact that the Court first concluded that the defendants had waived any objection to the plaintiff's misdescription in the summons and the affidavits for writs of garnishment of the state in which the defendant company was incorporated. *Id.* at 496. Likewise, our decision in *Tudryck v Mutch,* 320 Mich 99, 107; 30 NW2d 518 (1948), did not discuss the meaning of the term "proceeding." Nor did we apply the predecessor of § 2301 to amend the settlement agreement in *Tudryck*, as demonstrated by the fact that we found it "unnecessary to [even] determine [whether] the settlement agreement was defective . . . ." *Id.* Neither of these cases stands in any way for the proposition that a notice of intent constitutes a "proceeding."

6

that plaintiff was not yet authorized to file could not possibly have tolled the period of limitations.

Because we conclude that plaintiff's notice of intent with regard to Lauer did not satisfy the requirements of § 2912b(4)(e), we reverse in part the judgment of the Court of Appeals and reinstate the trial court's order granting summary disposition to Lauer. Finally, we deny plaintiff's application for leave to appeal as a cross-appellant because we are not persuaded that we should review the question presented.

Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

7

STATE OF MICHIGAN

SUPREME COURT

MELISSA BOODT, as Personal
Representative of the Estate of
David Waltz, Deceased,

      Plaintiff-Appellee/
      Cross-Appellant,

v                                          No. 132688

BORGESS MEDICAL CENTER,

      Defendant-Appellee/
      Cross-Appellee

and

MICHAEL ANDREW LAUER, M.D.,
and HEART CENTER FOR
EXCELLENCE, P.C.,

      Defendants-Appellants/
      Cross-Appellees,

and

MICHAEL ANDREW LAUER, M.D.,
P.C.,

      Defendant.

_____

CAVANAGH, J. (*dissenting*).

I believe that plaintiff has stated the manner in which the perforation of

decedent's artery was the proximate cause of his death and, thus, that her notice of

intent meets the requirements of MCL 600.2912b. I also believe that when a

notice of intent required by MCL 600.2912b is deficient, MCL 600.2301 should control and the deficiency should be disregarded if there is no effect on the substantial rights of a party. Most importantly, I believe that the Legislature did not intend a statute mandating notice to one party to be used by that party to defeat another party's claim after it is too late to correct an alleged deficiency. Therefore, I respectfully dissent.

On October 5, 2001, David Waltz was admitted to Borgess Medical Center for chest pains. The next day, Dr. Michael Lauer performed an angioplasty on Waltz. During the procedure, Lauer perforated Waltz's coronary artery. Waltz experienced severe hypotension and hypoxia. Dr. Alponse DeLucia, III, a cardiothoracic surgeon, performed emergency coronary-bypass surgery, but, by this time, Waltz had suffered an anoxic brain injury. He died six days later, on October 11, 2001. According to Lauer's own testimony, the perforation was the cause of Waltz's death.

Plaintiff is the personal representative of Waltz's estate. Following the requirements of MCL 600.2912b(1) and (2), plaintiff mailed a notice of intent (NOI) to three defendants on January 13, 2003.[1] After waiting 182 days, as required by MCL 600.2912b(1), plaintiff commenced this action by filing a complaint naming the three defendants and an affidavit of merit on June 19, 2003. Plaintiff filed the complaint and affidavit four months before the expiration of the

---

[1] The three named defendants are Lauer, Borgess Medical Center, and Heart Center for Excellence, P.C.

applicable period of limitations. MCL 600.5805(5), now MCL 600.5805(6). In February 2005, 20 months after plaintiff filed suit and more than two years after receiving plaintiff's NOI, defendants filed a motion for summary disposition, claiming that a defect in plaintiff's NOI entitled them to dismissal.

The majority concludes that plaintiff did not meet the requirements of MCL 600.2912b(4)(e), which requires a statement of the "manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice." I disagree.

Plaintiff's NOI states that "Mr. Waltz presented to defendants for an elective [percutaneous transluminal coronary angioplasty]. During the procedure, the defendant caused a perforation which led to Mr. Waltz' death." Plaintiff's NOI further alleges that Waltz might have survived but for negligence in responding to the perforation. The NOI alleges actions that defendants should have taken but did not. It states that defendants did not (1) recognize the perforation in a timely manner, (2) stop the administration of an anticoagulant, (3) order an echocardiogram, (4) insert a balloon pump, (5) timely perform a pericardiocentesis,[2] (6) attempt another pericardiocentesis after the initial attempt

---

[2] According to MedlinePlus, Medical Encylopedia, a service of the National Institutes of Health and the United States National Library of Medicine:

Pericardiocentesis involves the use of a needle to withdraw fluid from the pericardial sac (membrane that surrounds the heart).

(continued . . .)

3

proved unsuccessful, and (7) keep the LAD[3] wire in place to maintain access to the blood vessel.

I believe that this is a statement of the manner in which Lauer's breach was the proximate cause of Waltz's death. Plaintiff's NOI alleges that Lauer's breach caused a perforation of Waltz's artery and deprived Waltz of the enumerated means that would have helped him survive the emergency.

This Court has stated that, given the presuit timing of the notice and lack of information available, "the claimant is not required to craft her notice with omniscience"; thus, it is not fatal that the allegations in the NOI are inaccurate. *Roberts v Mecosta Co Gen Hosp (After Remand)*, 470 Mich 679, 691; 684 NW2d 711 (2004). Plaintiff alleges, for example, that Lauer negligently caused Waltz's death by the continued administration of an anticoagulant after internal bleeding

---

(continued . . .)

\* \* \*

This test may be performed to remove fluid that is compressing the heart for examination. It is usually done to evaluate the cause of a chronic or recurrent pericardial effusion (fluid in the pericardial sac). It may also be done as a treatment measure to relieve cardiac tamponade (compression of the heart from an accumulation of fluid within the pericardial sac). [<http://www.nlm.nih.gov/medlineplus/ency/article/003872.htm#De finition> (visited June 2, 2008).]

[3] "LAD" refers to the left anterior descending coronary artery, in which the guide wire was placed for Waltz's angioplasty.

4

was detected.[4]  This may or may not be accurate, but it is an allegation of the manner in which Lauer's negligence was the proximate cause of the injury in this case.

I am uncertain what the majority finds lacking here, and the majority does not specify it.  In fact, the majority appears to say that plaintiff did not state the manner of causation because she did not state the manner of causation.  I would find plaintiff's statement sufficient under MCL 600.2912b(4)(e).

Additionally, if plaintiff's NOI were deficient, I would allow her to amend it or direct the trial court to disregard the deficiency in this case.  The most obvious, direct, and irrefutable legislative intent of this statute is notice.  Indeed, the statute mandates that a potential medical-malpractice defendant receive notice of impending litigation.  There is no indication of an intent for the NOI to be used as a trap for the unwary, ambushing a plaintiff who is without notice of the technical defect in her NOI.[5]  The majority's decision annihilates notice for a plaintiff with the slightest deficiency under MCL.600.2912b.  What is worse, a plaintiff may receive this terminal blow, not only without notice of the NOI's deficiency, but after any opportunity to correct the defect is past.

I believe that MCL 600.2301 should apply when an NOI is deficient.  That statute states:

---

[4] This allegation is readily ascertainable in plaintiff's NOI.
[5] In *South Norfolk v Dail*, 187 Va 495, 503; 47 SE2d 405 (1948), the court aptly referred to dismissal of a claim on the basis of a defective notice as "a trap for the unwary."

The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

While MCR 2.118 controls the amendment of pleadings, an NOI is not a pleading, and its amendment is controlled by MCL 600.2301, which applies to any process or proceeding before a court.[6]

The statute allows amendment "at any time" before judgment is rendered. At the time defendants asserted that plaintiff's NOI was defective, judgment had not been entered (in fact, the trial had not even begun yet). Therefore, allowing amendment is proper. The amendment may be "either in form or substance." So amending the substance of the NOI to more clearly state, for example, the manner in which the breach caused the injury is proper.

The statute operates "for the furtherance of justice." Justice is furthered by applying MCL 600.2301 in a case in which a statute mandating notice to one party operates as a terminal trap without notice to the party required to give notice. In

---

[6] In my view, service of an NOI is part and parcel of medical-malpractice "proceedings" in Michigan; service of an NOI is encompassed by MCL 600.2301. See *Fildew v Stockard,* 256 Mich 494; 239 NW 868 (1932) (applying 1929 CL 14144, a predecessor of MCL 600.2301, to an affidavit for a writ of garnishment that was required to be filed before commencement of the action), and *Tudryck v Mutch*, 320 Mich 99, 106-107; 30 NW2d 518 (1948) (applying 1929 CL 14144 to a settlement agreement and stating that "[t]o argue at this late date that the Tudrycks did not authorize the settlement or that their attorney exceeded his authority is, to say the least, not appealing to the conscience of the Court").

this case, Lauer has not asserted that plaintiff's claim lacks merit, that he was not negligent, or that plaintiff's notice failed to put him on notice of plaintiff's claim. Lauer merely alleges that plaintiff's NOI was technically insufficient under MCL 600.2912b. The aim of MCL 600.2301 is "'to abolish technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.'" *Gratiot Lumber & Coal Co v Lubinski*, 309 Mich 662, 668-669; 16 NW2d 112 (1944) (citation omitted). If plaintiff's NOI were deficient, MCL 600.2301 should apply to allow amendment.

The second sentence of MCL 600.2301 requires a court to "disregard any error or defect in the proceedings which do not affect the substantial rights of the parties." I do not believe that Lauer's substantial rights would be affected by disregarding a defect in plaintiff's NOI in this case. The only possible effect on Lauer is lack of notice. But lack of notice is not evident here because he had actual notice.[7] Indeed, in deposition testimony taken on October 24, 2003, Lauer stated that he knew what the case was about. In his answer to plaintiff's interrogatories, submitted on December 3, 2003, Lauer admitted that he caused the perforation of Waltz's artery and that the perforation caused Waltz's death. When asked in those interrogatories whether he admitted negligence, Lauer responded,

---

[7] Additionally, the specific notice requirements of MCL 600.2912b(4) are precisely duplicated in the complaint and affidavit of merit once litigation is commenced. See MCL 600.2912d(1), listing the required content of an affidavit of merit; MCR 2.111(B), listing the required content of a complaint; and *Locke v Pachtman*, 446 Mich 216, 222; 521 NW2d 786 (1994), stating the requirements for a claim asserting medical malpractice.

7

"Perforation is a rare, but accepted, complication of [percutaneous coronary intervention, i.e., angioplasty], even when everything is done properly." Lauer knew what plaintiff's claim was about. He now challenges that claim only to invalidate it after plaintiff can no longer fix the alleged error.[8]

In similar circumstances, this Court held that dismissal on the basis of a deficient notice of intent was inappropriate when there was no prejudice to the recipient. In *Lisee v Secretary of State*, 388 Mich 32; 199 NW2d 188 (1972), the plaintiff gave the Secretary of State notice of a potential claim, as required by MCL 257.1118, which stated:[9]

> In all actions in which recovery is to be sought against the [motor vehicle accident claims] fund, said action must be commenced within 3 years from the time the cause of action accrues. Provided that *recovery from the fund shall not be allowed in any event unless notice of intent* to claim against the fund is served upon the secretary, on a form prescribed by him, within 1 year of the date that the cause of action shall accrue. [Emphasis added.]

The Secretary of State refused to pay the plaintiff's claim and defended on the grounds that the plaintiff had failed to file a notice of intent within the statutory period. *Lisee*, *supra* at 37. This Court held that the deficient notice of intent did not bar recovery because there was no prejudice to the Secretary of State. *Id.* at 45. We reasoned as follows:

---

[8] Because I believe that plaintiff's notice of intent was sufficient, or that any insufficiency should be disregarded under MCL 600.2301, I do not reach the issue whether plaintiff's complaint and affidavit of merit tolled the period of limitations.

[9] After the claim accrued in *Lisee*, the statute was amended to make the notice period six months, among other changes. 1968 PA 223.

> The purpose of the notice provision of [MCL 257.1118] is met in this case. The Secretary of State did receive actual notice of the accident through the notice of intent to claim filed by the estate of Ella Burgy . . . . Hence, the Secretary of State *was not prejudiced in any way*. Because of the remedial nature of this Act and because of the lack of prejudice to the defendant, we hold that plaintiffs' *failure to file notice* within the time required under [MCL 257.1118] *is not a bar to recovery* under the circumstances of this case. [*Id.* at 44-45 (emphasis added).]

There is no reason to treat MCL 600.2912b differently from MCL 257.1118 when the critical language is nearly identical.

The majority states that MCL 600.2912b places no duty on a defendant to challenge deficiencies in a plaintiff's NOI before the plaintiff's case is filed. The question here is not one of a defendant's duty; rather, the question is one of legislative intent. The clear intent of MCL 600.2912b is to require pretrial notice to potential medical-malpractice defendants. I find no indication in the statute that it was intended to trap unwary plaintiffs and defeat otherwise meritorious claims months or years after an action is commenced.

I believe that plaintiff's NOI contains a statement of the manner in which Lauer's breach caused the injury at issue. If plaintiff's NOI were deficient, I would remand this case to the trial court for consideration under MCL 600.2301. On remand, Lauer would be free to argue that his substantial rights have been affected.

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly

9